MARY E. KUNKEL and JOHN J. KUNKEL *vs.* JOHN S. MACGILL and AMELIA MACGILL, Executors of R. H. MACGILL, and others.

*Construction of a Bequest—Legacy of a certain amount of Railroad Bonds worth less than their face value, held to be Specific.*

A testator by his will bequeathed to one of his daughters as follows: "I give and bequeath to my daughter, M. E. K., five thousand dollars N. C. Railroad bonds; also thirty shares of F. and W. Turnpike Road Company stock; also twenty shares of the P. W. and B. Railroad Company; also five thousand dollars of the W. C. and A. Railroad bonds; also two hundred and thirty-seven shares of the B. and R. Turnpike Road Company; also my sewing machine." On a bill filed by M. E. K. for an interpretation of the will, as touching the bequest to her of five thousand dollars of the W. C. and A. Railroad bonds, it was HELD:

1st. That from this bequest, when considered in connection with the rest of the will, and the proof that five bonds of said company, each of the face value of $1000, were found in his possession at the time of his death, and that his death occurred only thirteen days after the execution of his will, it is clear the testator intended to give to his daughter these identical bonds.

2nd. That it could not be held that he intended to give $5000 in money, with these bonds pointed out as the fund to be applied to the payment thereof, and the balance to be paid by the executors; much less that he intended that his executors should purchase $5000 worth of such bonds, then dishonored in the market, and worth but thirty cents in the dollar.

APPEAL from the Circuit Court for Frederick County, in Equity.

The bill in this case was filed by the appellants asking the construction of a clause of the will of Robert H. Macgill. The clause is set out in the opinion of this Court. The

Court below (LYNCH, J.,) passed a decree dismissing the bill, and the complainants appealed. The case is further stated in the opinion of this Court.

The cause was argued before GRASON, MILLER, ROBINSON, IRVING and MAGRUDER, J.

*William Ritchie* and *Wm. P. Maulsby, Jr.*, for the appellants.

*Bradley T. Johnson* and *Fred. J. Nelson*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The controversy in this case arises upon the construction of the following bequest:

"I give and bequeath to my daughter Mary E. Kunkel five thousand dollars Northern Central Railroad Bonds; also thirty shares of Frederick and Woodsborough Turnpike Road Company stock; also twenty shares of the Philadelphia, Wilmington and Baltimore Railroad Company; also five thousand dollars of the Wilmington, Columbia and Augusta Railroad Bonds; also two hundred and thirty-seven shares of the Baltimore and Reisterstown Turnpike Road Company; also my sewing machine."

The will was executed on the 18th of November, 1876, and on the 1st of December, thirteen days after its execution, the testator died.

Among his effects were found *five bonds of the Wilmington, Columbia and Augusta Railroad Company, each of the denomination or face value of* $1000, the market value of which, however, according to the proof was about *thirty cents* in the dollar.

The appellants contend that the legacy is one of five thousand dollars in value, and must be construed, either as a bequest of $5000 in money with the Wilmington,

Columbia and Augusta Railroad bonds demonstrated as the fund, *primarily* charged with the payment thereof; or as a bequest of $5000 worth of such bonds, with direction to the executors, to purchase for the legatee, bonds of said company to the value of $5000.

On the other hand, the appellees insist that it is a legacy of bonds of the railroad company of the face value of $5000, and that the bequest is gratified by the delivery to the legatee of five one thousand dollar bonds of said company.

The question then is, whether this bequest, when construed in connection with other parts of the will, is to be considered as a *general demonstrative or specific legacy?*

Ordinarily there is not much difficulty in determining to which of these classes a legacy belongs.

If the testator bequeaths a specific thing as distinguished from all others of its kind, as money in a certain bag, or my Maryland State bonds, such a legacy it is clear, is *specific,* and the legatee is entitled to the thing bequeathed.

Where, however, the bequest is of a sum of money, or of shares of stock, without further description or reference, and which may be satisfied by the delivery to the legatee of any stock of the kind designated, such a legacy is *general.*

A *demonstrative legacy* is in the nature of a general legacy, with a certain fund pointed out for its payment, as a gift of $1000 to be paid out of the fund due by A.; and if the fund thus designated fails, the legatee is entitled to be paid out of the general assets belonging to the estate. *Kirby vs. Potter,* 4 *Vesey, Jr.,* 748 ; *Sibley vs. Perry,* 7 *Ves.,* 522 ; *LeGrice vs. Finch,* 3 *Merivale,* 50 ; *Giddings vs. Seward,* 16 *New York,* 365 ; *Welsh's Appeal,* 28 *Penn. St.,* (4 *Casey,*) 363.

To each of these classes however, certain legal incidents attach, and the difficulty in determining to which class

Kunkel *vs.* Macgill, *et al.*

the legacy in many cases belongs, is mainly owing to the efforts on the part of Courts to avoid the hardships growing out of such incidents. This is strikingly illustrated in the bequest of the shares of canal stock in *Robinson vs. Addison*, 2 *Beav.*, 521.

If the legacy is to be considered specific, then in the event of the testator's parting with the thing or property bequeathed, or if· from any cause it should be lost or destroyed, the legacy fails. Then again, such legacies are not liable to abatement with general legacies, nor are they liable to contribution towards the payment of debts. And hence the inclination on the part of Courts to construe legacies as *general,* unless a contrary intention plainly appears. But however strong may be this inclination, and into whatever refinements this course of judicial decision may have·led, all the cases agree that the governing principle in this as in all other questions upon the constructions of wills is the testator's intention, and if it appears either from the terms of the bequest itself when separately considered ;· or when construed in connection with the rest of the will, that he meant to give the *specific thing,* such intention must prevail.

So the question in this case is narrowed down to this, does it appear from the face of the entire will, that the testator intended to give to his daughter, the five railroad bonds of the Wilmington, Columbia and Augusta Railroad, each of the denomination or face value of $1000, which were found in his possession at the time of his death, or did he mean to give to her $5000 in money, with these bonds designated as the fund primarily liable for the payment of the same, and the deficiency, if any, to be paid out of the general assets of his estate, or did he mean to give to her $5000 worth of such bonds ?

Government securities, bonds and shares of stock of corporations, it is admitted, may be *specifically bequeathed.* The words *"my,"* or *" in my possession,"* or *" standing*

*in my name,"* and other like expressions, referring to the *corpus* of the fund, have generally been relied on as showing such intention. *Barton vs. Cook,* 5 *Ves.,* 461; *Norris vs. Harrison,* 2 *Madd.,* 280; *Choat vs. Yeats,* 2 *Jac. & Walk.,* 102.

None of these terms are affixed to the Wilmington, Columbia and Augusta Railroad bonds in this bequest, and in view of the decision in *Dryden vs. Owens,* 49 *Md.,* 364, it may be that if the question depended solely upon the construction of the terms of the bequest itself, the mere fact that five bonds of said company, each of the face value of $1000, were found in the possession of the testator at the time of his death, would not be sufficient to show that he intended to give these identical bonds to the legatee.

But in dealing with this question, regard must be had to the rest of the will, and if taken as a whole, such appears to have been his intention, the legacy must be regarded as *specific,* although the clause in question might receive a different interpretation considered separately. *Everett vs. Lane,* 2 *Iredell Eq.,* 548; *Stickney vs. Davis,* 16 *Pick.,* 19; 2 *Leading Cases in Equity, part* 1, 656.

Now the will upon its face shows, that the testator was possessed of a number of Government bonds, railroad bonds, shares of railroad stock, and stock of other corporations, all of which he divided among his wife and five children.

To his wife he gives ten thousand dollars, United States Five-Twenty Bonds; also five thousand dollars of Baltimore & Ohio Railroad Bonds, payable in the year 1885; also five thousand dollars of *my* Northern Central Railroad Bonds; also the mortgage of three thousand dollars on the lands of Thomas D. Riggs, and one large painting over the mantle in the parlor, and also all my furniture in my bed room.

To his son John S., he gives five thousand dollars of *my* Baltimore & Ohio Railroad Bonds; also twenty shares of *my* stock in the Philadelphia, Wilmington & Baltimore Railroad Company; also ten shares of my stock in the First National Bank of Frederick; also my set of china given to me by my sister Marion."

To his son Robert, he gives five thousand dollars of *my* Baltimore & Ohio Railroad Bonds; also twenty shares of stock in the Philadelphia, Wilmington & Baltimore Railroad; also one bond of one thousand dollars of *my* United States Five-Twenty Bonds; also *five thousand dollars in cash;* also my walnut wardrobe standing in the hall on second floor of my dwelling.

To his son William, he gives five thousand dollars of *my* Pittsburg & Connellsville Railroad Bonds; also twenty shares of my Philadelphia, Wilmington & Baltimore Railroad stock; also one thousand dollar bond of my United States Five-Twenty; also my plated tea set.

To his son Alexander, he gives five thousand dollars of my Northern Central Railroad bonds; also twenty shares of my stock in the Philadelphia, Wilmington & Baltimore Railroad Company; also one hundred shares of my stock in the Citizens' National Bank of Baltimore.

To his son John, he also gives his brick store-house, and stock of hardware, &c.

He then bequeaths all his steamboat stock to his five children, to be divided equally between them.

The rest of his property, real and personal, he directs to be sold, and the proceeds thereof to be divided equally between his children.

It is thus plain upon the face of the will, that the testator intended to divide among his children the bonds and stocks then held by him.

In one clause he gives twenty shares of *my* stock in the Philadelphia, Wilmington & Baltimore Railroad Company. In another clause, and to another son, he gives

twenty shares of the same stock, but without using the word "my."

Then again, he gives to one child five thousand dollars Northern Central Railroad bonds, and to another, five thousand dollars of "*my*" Northern Central Railroad bonds. And so in the bequest of the Baltimore & Ohio Railroad bonds. In one clause he uses the word "*my*," and in another he bequeaths the bonds of the same company without prefixing "*my*."

We think it is plain, therefore, that the testator intended to divide among his several children *specially*, the bonds and stocks then in his possession, and that the omission in some instances of the word "*my*," does not change or affect the nature of the legacy.·

And when he gives to the appellant five thousand dollars of the Wilmington, Columbia & Augusta Railroad bonds, this bequest, when considered in connection with the rest of the will, and the proof that five bonds of said company, each of the face value of $1000 were found in his possession at the time of his death, and that his death occurred only thirteen days after the execution of the will, it is clear he intended to give to his daughter these *identical bonds*. We cannot think he intended to give $5000 in money, with these bonds pointed out as the fund to be applied to the payment thereof, and the balance to be paid by his executors, much less can we suppose he intended that his executors should purchase $5000 worth of such bonds, then dishonored in the market, and worth but thirty cents in the dollar.

In *Dryden vs. Owings*, the decision was based entirely upon the terms of the bequest itself, and there was nothing in the rest of the will to show an intention on the part of the testator that he meant the legacy to be specific. I was inclined to the opinion that the legacy was specific in that case, and the doubts then ·entertained have not, I must confess, been weakened by the further consideration of the subject.

Be that however as it may, we all agree the bequest in this case must in view of the whole will be considered specific.

*Decree affirmed.*

(Decided 18th March, 1881.)