(Decided 23rd January, 1894.)

---

DAVID F. KUYKENDALL and ALTHEA LOUISA, his Wife *vs.* ———. ALEXANDER SHAW and CHRISTIAN DEVRIES, Executors and Trustees *vs.* ———. J. SEMMES DEVECMON, and others *vs.* ———.

*Construction of Will—Nature of Estate—Effect of Renunciation by Widow—Rights of Legatee.*

Where a will bequeathed certain bonds, and deposits in Savings Banks, to the testator's daughter, subject to an executory devise to his sister, the daughter, claiming under the will, is not entitled to take the deposits absolutely to herself.

A will bequeathed certain designated property to the testator's daughter, subject to an executory devise to his sister. By

Kuykendall, *et al. vs.* Devecmon, *et al.*

another clause of the will, he directed his executors to dispose of the residue of his estate and to give two-thirds of the proceeds to his daughter. HELD:

That the daughter took her portion of the residue free from any limitation over.

A widow who renounces the will of her husband is entitled to receive her share of the estate in kind, under section 292 of Article 93 of the Code, providing that a widow who has renounced shall be entitled to one-third of the personal estate of her husband, which shall remain after payment of the just claims against him, and no more.

A legatee under a will providing that the legacy shall pass to the testator's sister in case of the death of the legatee without children surviving her, or in case of the death of all her children under the age of twenty-one years, and appointing trustees to manage and control the property until the legatee attains the age of twenty-one years, or until her death if she die before that time, is entitled to the immediate possession of the property on attaining the age of twenty-one years, free from new trustees to be appointed by the Court.

APPEALS from the Circuit Court for Alleghany County, in Equity.

These appeals were taken from an order of the lower Court (STAKE, J.,) ratifying the auditor's account. The case is stated in the opinion of this Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, and BOYD, J.

*Benjamin A. Richmond,* and *D. J. Blackiston,* for David F. Kuykendall and wife.

*Charles Marshall,* (with whom was *Lloyd Lowndes,* on the brief,) for the Trustees and Executors.

*J. Semmes Devecmon,* for the Devecmons.

*D. W. Sloan,* for Mrs. Wilhelmina J. Combs.

PAGE, J., delivered the opinion of the Court.

The questions arising on these appeals grow out of the distribution of the estate of John S. Combs, whose last will was construed, and the rights of parties under it were determined, by this Court in *Devecmon, et al. vs. Shaw and Devries, Ex'rs,* 70 *Md.,* 219. His daughter, Althea Louisa Combs, who has since intermarried with David F. Kuykendall, having arrived at the age of twenty-one years, has filed a petition, praying the Court to assume jurisdiction over the subject-matter of the will, and the estate of her father in the hands of the executors and trustees, appointed by the testator, and further to adjudicate the rights of the several legatees and distributees of his estate. Upon this petition all the parties interested answered, and the Court passed an order by which it assumed jurisdiction of the estate, ordered the executors and trustees to make a full report, that a final distribution might be made, and on the 4th of August, 1893, after the trustees and executors had made their several reports, and other proceedings were had, ordered the papers to be referred to the auditor, with the instructions set out in the record. On the 28th of September, 1893, the auditor submitted his report, to the ratification of which Mrs. Kuykendall and Messrs. Shaw and Devries, and the Devecmons, objected upon various grounds, which will be stated hereafter. By the third clause of John S. Combs' will he bequeathed to his daughter Althea Louisa, the balance of United States bonds invested in his name, amounting to $29,000; also fifteen shares of stock in the Second National Bank of Cumberland, twenty-five shares of stock in the National Bank of Baltimore, and also, all the money deposited in his daughter's name in the following Savings Banks in Baltimore, viz., the Eutaw Savings Bank, the Central

Savings Bank, the Metropolitan Savings Bank and the Savings Bank, "in fee * * * subject to be defeated by the death of said Althea Louisa, without leaving a child or children at the time of her death, or, in case she shall die leaving a child or children surviving her, by the death of such child or of all such children under the age of twenty-one years," and in the event of such contingencies happening, this property is to pass to Mrs. Althea M. Devecmon and to her children and grand-children, to stand in the place of their deceased parents. 70 *Md.*, 229. The money in the Savings Banks, amount-ing to the sum of $5,725.83, was deposited in the name of Althea Combs while she was a minor, and she claims, that it was her property at the time it was so deposited, and still is. It is treated by the auditor as part of the estate of the testator and subject to the executory devise to Mrs. Devecmon, whereas she contends it should have been awarded to her absolutely. It is unnecessary to inquire whether the proof establishes her title to this property, because if she claims an interest under the will, she must give full effect to its provisions, as far as she is able. It is only carrying out the plain intent of the testator, that the funds in the Savings Banks should stand on the same footing with the other items of prop-erty mentioned in the same clause, and be subject, like them, to the executory devise to Mrs. Devecmon. "The foundation of this doctrine" said this Court in *Barbour and Daingerfield vs. Mitchell,* 40 *Md.*, 161 (citing from *Spence's Equity*) "is the intention of the testator and its characteristic is that by equitable arrangement, effect is given to a donation of that, which is not the property of the donor * * . The intention being assumed, the conscience of the donee is affected by the condition, (though destitute of legal validity) not expressed, but implied, annexed to the benefit proposed to him. To accept the benefit, while he declines the burden, is to

defraud the design of the donor." *McElfresh vs. Schley and Barr,* 2 *Gill,* 181.

2. Mrs. Kuykendall, also excepts to the report, because, "the sum of $6,521.28 being two-thirds of the residuum after paying debts, &c., is audited to her "subject to the devise to Mrs. Devecmon," whereas she claims that it should have been awarded to her absolutely, free from any trust in the will, and also from the devise over to Mrs. Devecmon. The testator, having made certain devises and bequests, directed his executors to sell all his real and personal property, not otherwise disposed of in his will, and to divide the proceeds between his wife and daughter, one-third to his wife, and two-thirds to his daughter. Mrs. Combs renounced the will, and in consequence the specific property intended to pass to the widow under the will, became subject to the power of sale vested in the executors as "part of the estate not otherwise disposed of," and an intestacy resulted, "as to the one-third of the real and personal estate, embraced in and operated upon by the residuary clause of the will." 70 *Md.,* 227. The Court below was of the opinion that the decree in the case in 70 *Md.* embraced the portion of the residuary fund bequeathed to the daughter, but we cannot concur with him. The decree states that the adjudication was made "for the reasons set forth in the opinion of the Court filed in the case." We are therefore at liberty to refer to the opinion to assist us in determining the scope of the decree, and to what portion of the will it was intended to apply. In his opinion, Judge ALVEY, states that the case was submitted for the purpose of obtaining a judicial construction of the will "with respect to certain questions, supposed to be of doubtful solution;" and after citing the clause containing the limitation, proceeds to discuss the nature and effect of "this devise over." There is not a word in reference to the property

disposed of by the residuary clause, except in connection with the effect of the renunciation of the widow. When the decree, therefore, speaks of the real and personal estate bequeathed to the daughter by the testator, it must be held to refer to that only, which passed under the particular clause he was considering, and not to that covered by the residuary clause. Turning now to the will itself, we find in it no intention of the testator, to subject the property passing to the daughter under the residuary clause, to the limitations in favor of Mrs. Devecmon that he had impressed upon that portion of his property which he had devised under the preceding paragraph. He had one child only, a daughter; he possessed a considerable property, and no doubt desired her and her children to enjoy the great bulk of his estate. If, however, his daughter died without children, or if she left children, but all such died before attaining the age of twenty-one years, it was his wish, that a portion of his estate should go to his sister, Mrs. Devecmon; and for that reason he sets apart and names specifically, the several items of property which, upon the happening of the contingencies mentioned, she shall take. And then, by a clause, which is perfectly clear and unambiguous, he directs his executors, "to dispose of all real and personal property not othervise herein disposed of * * * and the proceeds to divide between my wife Welhelmina J. Combs, and daughter, Althea Louisa Combs, one-third to my said wife, and two-thirds to my said daughter." For these reasons, we think this sum should have been awarded to Mrs. Kuykendall, free from any limitation over.

3. The right of the widow to receive her share of the estate in kind, seems to be recognized and well established in this State. Secion 292 of Article 93, of the Code, provides, that a widow who has renounced, shall be entitled to "one-third of the personal estate of

her husband. which shall remain after payment of his just claims against him, and no more.'' This provision was codified from the Act of 1798, chapter 101, which established the testamentory law of the State. In *Evans, et al. vs. Iglehart, et al.*, 6 *Gill & J.*, 192, Judge DORSEY said: ''That executors under the policy and provisions of our testamentory system are required, to divide specifically, or, in other words in 'kind,' between the legatees and distributees of the deceased, except so far as a sale may have been necessary for the security and benefit of the estate, * * * or where they are unable to make a satisfactory distribution,'' without a sale. *Williams vs. Holmes*, 9 *Md.*, 290; *Negro William vs. Kelly*, 5 *Harris & J.*, 59; *Crawford, et al. vs. Blackburn, Adm'r, &c.*, 19 *Md.*, 42. Nor do we think this is a case to apply the doctrine of sequestration, so as practically to throw the payment of the dower upon the residuary fund, by holding the bequest to the widow as a trust, for the benefit of those whose legacies may be abated, in consequence of having to surrender a portion of their legacies to the widow. The ground upon which Courts of equity interfere in such cases, is for the purpose of carrying out the will of the testator, and to see to it, that the donor's bounty is distributed on the terms, and in the manner he desires, and for that reason a legatee takes his gift with all the burdens the testator sees fit to impose. *Story, Eq., sec.* 1077; 1 *Powell on Devises*, 430; *Birmingham vs. Kirwan*, 2 *Scho. & Lefr.*, 449. A widow to whom a personal bequest is made by her husband in lieu of dower, is a purchaser under the will with a fair consideration. *Durham vs. Rhodes and Wife, et al.*, 23 *Md.*, 242. If, therefore, she chooses not to accept the legacy thus offered in lieu of her dower, she takes of the estate not under the will, but in opposition, and as was said in *Devecmon, et al. vs. Shaw and Devries, Ex'rs*, 70 *Md.*, 227: ''The property intended to pass thereby,

remains as if no such devises and bequests had been made. Nor does such renunciation affect other devises. and legacies, except as they may be diminished by the award to the widow of her legal portion out of the estate." We think therefore there was no error in the audit in awarding to the widow her share of the estate in kind.

4. The remaining question is whether Mrs. Kuyden-dall being now of age, is not entitled to the immediate possession of the property which is subject to the executory devise of Mrs. Devecmon, free from new trustees to be appointed by the Court. In the case in 70 *Md.*, it was determined that the daughter took an estate in fee in the realty, and the entire interest in the personalty, defeasible as to both realty and personalty, upon the happening of the contingencies specified. The trustees named, took no estates, but only management and control, to continue until the daughter attained the age of twenty-one years, or until her death, if she should die under that age. Under those circumstances, we think the principles laid down in the case of *Boyd and others vs. Boyd*, 6 *Gill & J.*, 33, are decisive of this. In that case the testator bequeathed a sum of money of which the legatee was then in possession to be at his disposition "for his use free of interest," during his natural life-time, but after his death, to be invested in bank stock in the name of, and for the account of other persons whom he designated. Upon an application for security for its protection, the Court held that those claiming in remainder, had "no right to the interposition of this Court, unless they can show, that by suffering the fund to remain in his hands * * their residuary interest will be put in jeopardy." It is true the property is now in the hands of trustees, appointed by the testator, but, by the terms of the will their functions were to cease, on the arrival of the daughter at the age of

twenty-one years, and we have no doubt, from a full consideration of the whole will, that Mr. Combs intended to give to her the fullest enjoyment of his bounty after she came of age. Inasmuch as the two-thirds of the residuary fund belonging to Mrs. Kuykendall is awarded to her, subject to the executory devise to Mrs. Devecmon, and not to her absolutely, we must reverse the order of the Court ratifying the audit, and remand the case, that a new audit may be made awarding said fund to her absolutely.

> *Order affirmed in part, and reversed in part, and cause remanded for a new audit in conformity with this opinion; costs to be paid out of the estate.*

(Decided 23rd January, 1894.)