CLEVELAND WALKER, Victoria Green, Clarence
M. Roberts, Appellants, *vs.* MARY I. B.
WATERS, Administratrix, With the Will
Annexed of John H. Wilson,
Deceased, Appellee.

*Wills: construction and effect; subsequent sale of land devised;
ademption. Caveat: costs and counsel fees.*

Subsequent to the execution of his will, a conveyance by a tes-
tator of property devised therein removes the property from
the operation of the will, and works an ademption of such
property and is a revocation of the will to that extent.

pp. 206,207

Where a testator sells and conveys away land which he has
devised by his will and takes a purchase money mortgage
therefor, such land is withdrawn from the operation of the
will and the money secured to him by a purchase mortgage
falls into the residuary estate.                    p. 208

Where there was a caveat to a will affecting the interest of the
devisees and a settlement was made for the common benefit
of all, and a bill filed for a construction of the will and the
administration of the estate under the jurisdiction of a Court
of Equity, *it was held* the counsel fees to be allowed should be
charged to each devisee or legatee in proportion to the respec-
tive interests passing under the will.                    p. 208

A special fee was also allowed the counsel who represented
certain infant children in the cause, to be paid out of the
estate of the residuary legatees passing to the children under
the will.                    p. 209

*Decided June 13th, 1912.*

Appeal from the Circuit Court of Prince George's County,
sitting in Equity (Beall, J.). The facts are stated in the
opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*Clarence M. Roberts* and *F. Snowden Hill,* for the appellants.

*T. Van Clagett* and *Charles H. Stanley* (with whom was *James G. Boss, Jr.,* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

This appeal presents for construction certain items of the last will and testament and a codicil thereto of John H. Wilson, late of Prince George's county, deceased.

The will is dated June 22, 1905, and the codicil bears date October 8, 1906. The testator owned real and personal property located in Prince George's county, and died in August, 1907. The will was offered for probate, and a caveat thereto was filed by John N. Walker, Virginia Beach, and Cleveland Walker, granddaughter of the testator, Elkanah N. Waters, the executor named in the will, was appointed administrator *pendente lite,* and died pending the caveat proceedings. Two of the caveators withdrew their objection to the will, and the case, after pending for a long time in the Circuit Court to which issues had been sent, was compromised by the payment of two hundred and fifty dollars to the remaining caveator. The will was then admitted to probate, and the appellee was appointed administratrix with the will annexed. She filed the bill in this case for a construction of the will, and for the administration of the estate under the jurisdiction of the Court of equity.

The items in the will of John H. Wilson and the codicil thereto out of which the important questions in this case arise are here transcribed:

*Item:* I give and devise unto my granddaughter, Bessie Williams, that part of my farm known and designated as lot 4 per plat of a survey recorded in Liber N. O. 18, folio 395, one of the Land Records of Prince George's County, Maryland.

*Item*: I give and devise unto Rebecca Kanode and Lydia Kanode, the children of my granddaughter, Blanche Gertrude Kanode, or the survivor of them, when the younger or the survivor of them shall become of age, all that portion of lot 1 described in the aforesaid recorded plat, lying east of a line drawn at a point in the north line of said lot 1—92—9/10 feet east of the northwest corner of lot 1, and running thence south 18—58 W, parallel with the division line between lots 1 and 2, to the southern line of lot 1—until the younger or the survivor shall become of age, the income of said property shall be invested by my executor, hereinafter named, and the proceeds paid to the said Rebecca and Lydia Kanode, or the survivor, when the younger or the survivor, shall become of age.

*Item*: I give, devise and bequeath unto Elkanah L. Waters, the hereinafter appointed executor, the remainder of my estate, real, personal and mixed, with the full power to sell and dispose of the same in any way he may see fit and proper, without the purchaser having to see to the application of the purchase money, and after the payment of all expenses, to distribute the net proceeds of such sale or sales, to Cleve, Bessie, Blanche and Victoria, four of the children of my daughter, the said Altizero Walker, the survivor or survivors of them at the time of such sale or sales.

## Codicil.

I hereby make and declare the following as a codicil to my last will and testament bearing date June 22, 1905. Since the execution of my last said will and testament my granddaughter, Bessie Williams, having died, I hereby cancel and annul that portion of my said will and testament relating to the said Bessie Williams, and in lieu thereof do give and devise unto her four children, Virginia Wilson, William, Guy Howard, and her infant boy, the survivor or survivors of them, when the youngest survivor of them shall become twenty-one years old, all that portion of lot 4 of my farm which shall remain unsold at the time of my demise. And until the youngest survivor of said children shall become 21 years old the income of said lot 4 shall be invested by my said executor named in said will and testament, and the proceeds paid to such children, or the survivor of them, when the youngest shall become 21 years old.

Subsequent to the execution of the codicil, Mr. Wilson sold and conveyed the property devised by the codicil to the children of Bessie Williams, and took in his own name a purchase money mortgage upon the property. A part of this mortgage debt was collected by him.

The Court below sustained the devise to Rebecca Kanode and Lydia Kanode, the infants mentioned in the second item above quoted, and declared that until the coming of age of the younger or survivor of them, the income from the devised property should be invested by the appellee or her successor under the direction and control of the Court, and then should be distributed to them or the survivor of them or their personal representatives.

There can be no serious objection to this part of the decree. The testator had a right to dispose of the property in any way he saw proper, so long as it did not contravene some rule or policy of the law. The devise to the Kanode children was perfectly valid, and the decree with respect to the investment of the income and its ultimate distribution is in conformity with the directions of the testator.

The Court further decreed, "that under a proper construction of the said will and the codicil thereto, the devise to the three Williams children is sustained as a good devise, although the real estate mentioned in said codicil was sold before the death of the testator, and that the proceeds of the purchase money mortgage arising therefrom, mentioned in the testimony, remaining uncollected at the time of the death of John H. Wilson, be invested, when all paid, by the administratrix with the will annexed or her successor, under the direction and control of this Court until the youngest or the survivor of the said Williams children shall become twenty-one years of age, and then be distributed to them or the survivor or survivors of them, or their personal representatives."

The Court fell into an error in this part of the decree. The rule applicable to this branch of the case is stated in 30 *Am. & Eng. Ency. of Law,* 2 Ed. 652, as follows: "A

conveyance by the testator, subsequent to the execution of
the will, of the property devised therein, removes such prop-
erty from the operation of the will, and of necessity operates
as an ademption of the property, and in effect, as a revoca-
tion of the will to the extent of the property conveyed. If
part only of the property affected by the will is conveyed,
the revocation is partial; if all the property affected by the
will is conveyed there is in effect a total revocation of the
will, not because of any infirmity or want of operative force
in the will, but by reason of the withdrawal of the entire
estate from its operation." This statement of the rule is
supported by many cases both in England and America
cited in the notes.

The rule was applied in *McNaughton* v. *McNaughton,* 34
N. Y. 201, to a condition of facts very analogous to those
contained in this record. In that case the testator, Isaac
Getty, bequeathed all of his personal estate to his wife abso-
lutely, and all his real estate he devised to his wife during
her natural life, and directed that after her death his real
estate be sold, and the net proceeds of the sale be divided
among certain named nephews and nieces in the proportions
stated in the will. At the time of the execution of the will
the testator owned a farm, which he afterwards sold and
conveyed for a consideration of $3,894, and took from the
vendee a purchase money mortgage for $2,800. The nephews
and nieces claimed that by the true construction of the will
the sums secured by the mortgage was distributable to them
as directed by the testator. In disposing of this contention
the Court said: "When the will took effect by the death of
the testator, the farm which he owned at its date had ceased
to be a portion of his real estate. If there had been a
specific devise to the appellant of the farm, the sale of it by
the donor in his lifetime would have operated as a revoca-
tion of the gift. They would have acquired no interest in
the bond and mortgage, though gives for a portion of the
purchase money. The rule on this subject is well settled."

We have been unable to discover anything in the language
of the will to prevent the application of the general rule.

The item of the will quoted above devised lot No. 4 absolutely to his granddaughter, Bessie Williams. This absolute devise was modified by the codicil which gives to her children only such portion of the lot as "may remain unsold" at the time of his death. Having sold the whole lot in his lifetime, the devise to the children of Bessie Williams was revoked by implication and the property withdrawn from the operation of the will, and the money secured by the mortgage, under the settled rule applicable to such a situation, falls into the residuary estate, and is distributable to the persons therein named as directed by the decree.

The caveat filed to the will affected the interest of every devisee therein, and the settlement made of the caveat case was for the common benefit of all. This is true also of the bill filed for the construction of the will and the administration of the estate under the jurisdiction of the Court. Therefore, the sum paid in compromise of the caveat suit, and the fee to be allowed counsel for filing the bill and conducting the proceedings in this case should be charged against each devisee or legatee in proportion to the interest passing to him or her under the will. This would result in an equitable apportionment of these charges among them. The fee to be allowed counsel appointed by the Court to represent the Kanode children should be charged against their interest.

The position of the Williams children was one of antagonism and hostility to the interests of the residuary legatees, and, therefore, under the rule announced in *B. & O. R. R.* v. *Brown,* 79 Md. 447 they cannot be charged with any part of the fee to be allowed counsel representing those children in these proceedings, nor can that fee be charged against the interest of Rebecca and Lydia Kanode.

For the reasons stated the decree appealed from will be affirmed in part and reversed in part.

> *Decree affirmed in part and reversed in part, and cause remanded, the cost above and below to be paid out of the estate..*

Upon consideration of the facts set forth in the petition of Rebecca Kanode and Lydia Kanode, infants, and others filed in this cause on June 8th, 1912, and of the exhibits filed with said petition, asking for a modification of the decree of this Court, dated May 10th, 1912, in so far as that decree disallowed a fee to Mr. T. Van Clagett for services rendered to the infant children of Bessie Williams, the Court is of the opinion that the decree should be modified as prayed, and that Mr. Van Clagett should be allowed a reasonable fee by the lower Court for his services rendered to said infant children in this cause, said fee to be paid out of the estate of the residuary legatees passing to them under the will of John H. Wilson, deceased. The fee to be allowed counsel for the Kanode children to be paid out of the income of the property devised to them, and referred to in the opinion heretofore filed.

> *The decree of May 10th, 1912, is accordingly modified to the extent above stated.*