SCHILDT *v.* SCHILDT, INDIVIDUALLY AND AS EXECUTRIX

[No. 34, October Term, 1952.]

*Decided November 11, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*W. Clinton McSherry* and *James McSherry* for the appellant.

*William M. Storm* and *Parsons Newman* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment for defendant, appellee, rendered by the trial judge, without a jury.

Elmer P. Schildt died on February 5, 1949, survived by his widow, Rhoda E. Schildt and a brother, Elvin R. Schildt. He left a will dated November 21, 1934, the pertinent parts of which follow:

"I. I desire that my just debts and funeral expenses shall be fully paid.

II. I bequeath unto my dear wife, Rhoda E. Schildt, my one-half interest in the cattle, chickens and farm crops, held jointly with my brother

Elvin R. Schildt. I bequeath unto my dear wife, Rhoda E. Schildt, one-half interest in my farm, situated in Creagerstown District, Frederick County, Maryland, with the privilege of purchasing the remaining one-half interest in my farm for $2,500.00, this amount to be paid to my brother Elvin R. Schildt, within one year from the date of my death.

III. I bequeath unto my brother, Elvin R. Schildt, one-half interest in my farm, situated in Creagerstown District, Frederick County, Maryland, with the understanding that my wife, Rhoda E. Schildt has the privilege to purchase his one-half interest in said farm, for $2,500.00 within one year from date of my death.

IV. Should my wife, Rhoda E. Schildt, not elect to purchase one-half of my farm aforementioned for the sum of $2,500.00, then in that event the farm is to be sold, at public sale, not later than fifteen months after the date of my death, then the proceeds divided share and share alike between my wife, Rhoda E. Schildt and my brother, Elvin R. Schildt.

V. In case of the death of my wife, Rhoda E. Schildt, prior to my death, then I bequeath unto my brother, Elvin R. Schildt the amount of my Estate my wife would have received upon the payment of the following; to each of my surviving brothers the sum of Twenty Five Dollars, and to my surviving sister One Hundred Dollars.

VI. I hereby constitute and appoint my dear wife Rhoda E. Schildt as my sole Executrix with full power to sell, assign, transfer, or anything else necessary to the settling of my estate."

The inventory of the real estate filed on March 2nd, 1949, consisted of a sixty-six acre farm, improved with a ten room frame farm dwelling house, barn and outbuildings appraised at $8,500.00. About March 9, 1949,

the wife filed her election to purchase the half interest of Elvin R. Schildt in the farm for $2,500.00, which privilege was given her in the second paragraph of her husband's will aforesaid.

On February 11, 1950, the appellant, Elvin R. Schildt, filed a declaration against Rhoda E. Schildt as Executrix of the Last Will and Testament of Elmer P. Schildt deceased, and against Rhoda E. Schildt, individually, under the common counts and two special counts. The special counts, for the purposes of this case, alleged that at the time of Elmer P. Schildt's death, he, Elvin R. Schildt, was the joint owner with him of 46 steers and a quantity of hay on said farm. All claim for the hay having been abandoned by the appellant we will make no further reference to it. The special counts further alleged that the appellee had sold the said steers for the sum of $10,875.00 and an additional amount unknown to the plaintiff, and had refused to pay to the plaintiff one half of the proceeds of said sales. It was further alleged that Elmer P. Schildt and Elvin R. Schildt had a contract between them for the business of feeding and fattening steers for market, each owning a one-half interest in 46 steers at the time of the death of Elmer P. Schildt. Filed with the declaration was a copy of the will. A general issue plea was filed by the appellee.

At the trial of the case, the only witness produced was Mr. Harry D. Radcliff, Register of Wills for Frederick County, who identified the Will, Inventory of Real Estate, Appointment of the Executrix, Record of the Estate Docket, Claims filed, and the Election of Rhoda E. Schildt to purchase the one-half interest in the farm for $2,500.00. These papers were admitted in evidence. In answer to the request for admission of facts under the discovery rule, the defendant admitted the following facts: "1. That at the date of the death of Elmer P. Schildt, which occurred on the 5th of February, 1949, there were forty-six head of cattle owned by the said Elmer P. Schildt and Rhoda E. Schildt, his wife, which were on the farm owned by the said Elmer P. Schildt,

in Creagerstown District, Frederick County, Maryland. 2. That the said forty-six head of cattle were sold by the Defendant herein, Rhoda E. Schildt, after the death of her said husband, Elmer P. Schildt, to Herman Rabbitt, of Montgomery County, Maryland, for the sum of $10,875.00. 3. That no part or portion of the proceeds of sale of said forty-six head of cattle has been paid to Elvin P. Schildt, the Plaintiff herein." No other evidence was offered. The trial judge, upon motion, directed a verdict for the defendant and from the judgment entered on that verdict the appellant appeals.

The appellant here contends that a beneficiary cannot take a benefit under the will and at the same time repudiate a provision, which is against her interest in the same paragraph of the same will and cites as authority *Miller on Construction of Wills*, Section 333; *Fisher v. Boyce*, 81 Md. 46, 52, 53, 31 A. 707; *Kuykendall v. Devecmon*, 78 Md. 537, 540, 28 A. 412; *Myers v. Kooke*, 146 Md. 471, 474, 126 A. 710; *Safe Deposit & Trust Co. v. Hanna*, 159 Md. 452, 460, 150 A. 870. He also contends that an executrix cannot lawfully act as such without fully and completely administering her decedent's estate and without giving full effect to every provision of her testator's last will and testament and relies on *Langhirt v. Hicks*, 153 Md. 31, 34, 35, 137 A. 482. Granting both of these contentions, neither presents the problem before the lower court and this Court in this case. The question here presented is whether the 46 steers on the farm of the deceased at the time of his death have been identified as being cattle held jointly by Elvin R. Schildt and Elmer P. Schildt at the time of the latter's death.

In *Kuykendall v. Devecmon*, 78 Md. 537, 28 A. 412, *supra*, strongly relied on by the appellant, the testator by the third clause of his will bequeathed to his daughter among other things all the money deposited in his daughter's name in the Savings Bank in Baltimore and other personal property for life with certain contingencies attached. This money had been deposited while she was

a minor and she claimed it was her property at the time it was so deposited, and was hers at her father's death. There was no question that the money was deposited in her name in that particular bank and was there at the time of her father's death. The Court there held that it was unnecessary to inquire whether the proof established her title to the property, because as she claimed an interest under the will to other property bequeathed by doing so she was required to give full effect to its provisions, as far as she was able. In other words, she claimed the money irrespective of the will. However, as the will devised this particular money, by election to take the other bequests, she elected to have the money pass under the will. In the instant case the testator made his will on November 21, 1934, when he devised to his wife one half interest in "the cattle * * * held jointly" with his brother. There is no proof here that there were any cattle on the farm in 1934, held jointly with the brother, or otherwise, or that the deceased at any time held any cattle jointly with his brother. No cattle have been found to fit the description of those "held jointly with my brother". *Brady v. Brady*, 78 Md. 461, 473, 28 A. 515.

The will operates on the estate of the testator at the time of his death. If the testator had owned the cattle jointly with his brother at the time of his death, without regard to the will, the brother would have taken a one-half interest therein and under the will the wife would have taken one-half. She is not claiming any interest in the cattle under the will. There is no proof that the testator intended these 46 steers to pass under his will, as was the case with the money in the case of *Kuykendall v. Devecmon, supra,* and therefore the doctrines of election and estoppel do not apply. In her admission she states that the 46 steers were owned by Elmer P. Schildt and Rhoda E. Schildt, his wife. There is no evidence to the contrary. Steers owned jointly with his wife were not mentioned in the will. Tenancy by the entireties may, of course, be created in personal

property and upon the death of husband or wife passes to the survivor. *Brewer v. Bowersox,* 92 Md. 567, 572, 48 A. 1060; *Frey v. McGaw,* 127 Md. 23, 95 A. 960, L. R. A. 1916D, 113; *Whitelock v. Whitelock,* 156 Md. 115, 120, 143 A. 712.

If the two brothers had owned cattle jointly in 1934 for the business of feeding and fattening them for market, that would have been a yearly operation. As pointed out in appellee's brief, it was said in *Gardner v. McNeal,* 117 Md. 27, at page 36, 82 A. 988, at page 991, 40 L. R. A., N. S., 553: "The non-existence of property at the time of the death of a testatrix which has been specifically bequeathed by will, is the familiar and almost typical form of ademption. This may result from a variety of causes, such as a gift during the lifetime of the testatrix, of the particular article which was the subject matter of the legacy, its consumption, loss or sale, and in each of such instances the Courts have held a legacy to be adeemed." *Kunkel v. Macgill,* 56 Md. 120; *Brady v. Brady,* 78 Md. 461, 473, 28 A. 515, *supra.* Here the bequest under the will of the cattle owned jointly with the brother, if any such ownership ever existed, to the wife has been adeemed. She claims as the surviving wife under a tenancy by the entireties.

In the declaration it is alleged that the deceased "died on or about the 5th day of February, 1949, and Elvin R. Schildt, the plaintiff, herein, had a contract between them for the business of feeding and fattening steers for market". There is no evidence here of such a contract, or as to who paid the feed bills for the cattle during the alleged joint ownership, or who received the money from their sale. If such a contract existed at the time the will was executed, which is not in any way proven here, there is no evidence that it continued until Elmer Schildt's death. There being no evidence to identify the 46 steers as being owned jointly by the two brothers at time of the decease of Elmer P. Schildt the judgment will be affirmed.

*Judgment affirmed, with costs.*