VON STEINNER *v.* SORRELL, Executor of Estate
of Bonnie Love Von Steinner-Göltl ET AL.

[No. 14, September Term, 1970.]

*Decided October 15, 1970.*

The cause was argued before HAMMOND, C. J., and
BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and
DIGGES, JJ.

*Harvey Rosenberg* for appellant.

*Edward D. Higinbothom* for appellee Adelaide D. Grant.
No brief filed on behalf of other appellee.

SINGLEY, J., delivered the opinion of the Court.

Bonnie Love Von Steinner-Göltl, a widow, died domi-
ciled in Prince George's County, Maryland, on 30 Septem-
ber 1968. Her will, dated 9 August 1968, which was ad-

mitted to probate, provided for the payment of her funeral expenses, made several specific bequests, and then provided:

> "I give, devise and bequeath all my right, title and interest in my house and lots in Highlands, North Carolina, my new Buick Skylark automobile, and color television to my friend, Mrs. Adelaide Grant, who currently resides at Apartment #201, 2101 North Glebe Road, Arlington, Virginia, in the event she shall survive me. All payments on said property are to be made by Oscar McMillan."

By the next paragraph, Mrs. Von Steinner-Göltl gave and devised the residue of her estate to her step-son, Albert Von Steinner, Jr.

When W. Byron Sorrell, the executor of the will, realized that prior to the execution of the will, and on 7 August 1967, his testatrix had conveyed her property at Highlands, North Carolina to Oscar J. McMillan and wife and had taken in return their note, secured by a deed of trust, providing for monthly payments of $151.90, accounting from 1 October 1967, he brought suit in the Circuit Court for Prince George's County, Maryland, for a declaration of the rights of Mrs. Grant and Mr. Von Steinner under Mrs. Von Steinner-Göltl's will.

From an order directing that the note representing the unpaid balance of purchase price of the North Carolina property, together with the amount collected after the death of the testatrix, be delivered to Mrs. Adelaide Grant, Albert Von Steinner, the residuary legatee, has appealed.

The thrust of the appellant's argument is that the provision made for Mrs. Grant was a specific devise, which was adeemed by the sale of the property, and that the proceeds of sale do not pass to Mrs. Grant, but fall into the residuary estate, relying on *Schildt v. Schildt*, 201 Md. 10, 92 A. 2d 367 (1952) ; *Gardner v. McNeal*, 117 Md.

27, 82 A. 988 (1911) ; and *Kunkel v. MacGill,* 56 Md. 120 (1881).

The inherent weakness in the appellant's contention stems from the definition of ademption. Ademption is "revocation, recalling, or cancellation, of a legacy, according to the apparent intention of the testator, implied by the law from acts done by him in his life, though such acts do not amount to an express revocation of it." *Black's Law Dictionary* 60 (4th ed. 1951). While in a strict sense, the doctrine is applicable only to bequests of personalty, a similar result obtains in the case of devises of realty under the name of revocation. But in either case, it is the result of the non-existence of the thing bequeathed or of the interest devised in consequence of some act of the testator *subsequent* to the execution of the will. "If testator did not own the property when he made his will, or if it had then ceased to exist, such failure would ordinarily not be classified as an ademption, since this term is generally used to refer to specific bequests which might have taken effect if testator had died immediately after making his will." *Page on Wills,* § 54.6 (1962) at 250; Miller, *Construction of Wills in Maryland,* § 141-1 (1927) at 381-83; Sykes, *Probate Law and Practice,* § 86 (1956) at 99; *Walker v. Waters,* 118 Md. 203, 84 A. 466 (1912).

In *Frick v. Frick,* 82 Md. 218, 33 A. 462 (1895), the testator devised his house in Carroll County to his widow for life, with remainder over; bequeathed his "personal property" to his daughter Lillian, absolutely; and directed that the "balance" of his estate be divided among four of his children. There was testimony that prior to the execution of the will, the testator had sold a 47-acre farm to his son, and had later taken in return a note for $1,-200.

In holding that Lillian, as legatee of her father's "personal property," took no interest in the proceeds of the sale of the farm, Judge Boyd, speaking for the Court, said:

"* * * It has generally been held that if a testator devise lands and then contracts for the

sale of them, the devisee takes the legal estate, *and only that,* in equity, by reason of the revocation of the devise by the alteration of the estate. But if he has previously sold the lands and then devises them by words comprehensive enough to embrace all his interest in them, including his interest in the purchase money, we can see no valid reason why the latter should not pass to the devisee as well as the legal estate." (Emphasis in original) 82 Md. at 227.

If we remember that at the time she executed her will, Mrs. Von Steinner-Göltl had sold her North Carolina property to McMillan, Item Fourth of her will, despite the inept language, can have but one meaning. When she said:

"I give, devise and bequeath all my right, title, and interest in my house and lot in Highlands, North Carolina * * * to my friend, Mrs. Adelaide Grant * * *. All payments on said property are to be made by Oscar McMillan."

it was clearly her intention that whatever interest she might have in the property at the time of her death, including, but not limited to, the payments to be made by McMillan, was to pass to Mrs. Grant. This result is clearly distinguishable from that reached when an asset is disposed of subsequent to the execution of the will, and a bequest or devise of the asset is held not to pass the proceeds of sale. See, for example, *Gardner v. McNeal, supra,* 117 Md. at 36; *Johns Hopkins Univ. v. Uhrig,* 145 Md. 114, 125 A. 606 (1924); *Elwyn v. De Garmendia,* 148 Md. 109, 128 A. 913, 40 A.L.R. 553 (1925).

It is scarcely necessary to reiterate that the determination of the intention of the testator is the cardinal principle in construction cases. *Veditz v. Athey,* 239 Md. 435, 448, 212 A. 2d 115 (1965); *Shellady, Inc. v. Herlihy,* 236 Md. 461, 471, 204 A. 2d 504 (1964); *Davis v. Mercantile-Safe Deposit & Trust Co.,* 235 Md. 266, 269, 201

A. 2d 373 (1964) ; *Marty v. First Nat'l Bank of Baltimore,* 209 Md. 210, 216, 120 A. 2d 841 (1956) ; *Fersinger v. Martin,* 183 Md. 135, 138, 36 A. 2d 716 (1944) ; *Gilmer v. Aldridge,* 154 Md. 632, 637, 141 A. 377 (1928) ; *Adams v. Morrow,* 42 Md. 434, 441 (1875).

Despite the inartistic phraseology, nothing could be clearer than Mrs. Von Steinner-Göltl's intention that Mrs. Grant should receive whatever interest she might have in the North Carolina property at the time of her death.

At argument before us, counsel for the parties stipulated that costs be paid from the fund, and the mandate will so provide.

> *Order affirmed, costs on appeal and below to be paid by appellee, Adelaide Grant.*