CHERBONNIER v. SHIRLEY. (No. 960.)

(Court of Civil Appeals of Texas. Amarillo. April 5, 1916. Rehearing Denied May 3, 1916.)

1. EVIDENCE �köm317(1) — HEARSAY — STATEMENTS OF PERSONS NOT PARTIES—PREJUDICE.

In an action by the assignee of a contract for the delivery of cotton seed for damages for the nondelivery of a load which he had sold to a third party, where defendant pleaded an arrangement with one K. to deliver the load to plaintiff and that K. had delivered the load, and a special agreement with plaintiff's agent that plaintiff would furnish cars for the load, that plaintiff was notified through his agent that K. would deliver for defendant on a certain day, that plaintiff's agent agreed to notify plaintiff and have cars ready for loading, and that plaintiff was to notify K. when he would receive the load, the testimony of K. that he told another party that plaintiff was to call him up and state what day he would set out the cars for the seed and such party's testimony as to the same conversation, at which it was not shown that plaintiff was present, and which was contradicted by plaintiff's agent, was hearsay and inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1174; Dec. Dig. ⊙⟶317(1).]

2. APPEAL AND ERROR ⊙⟶1050(1)—HARMLESS ERROR—ADMISSION OF HEARSAY.

The admission of such evidence, relating to a material issue, was prejudicial error, requiring a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ⊙⟶1050(1).]

3. NEW TRIAL ⊙⟶150(3) — MOTION — SUFFICIENCY.

A motion for a new trial on the ground of newly discovered evidence, not accompanied by the affidavit of the witness stating what his testimony would be, was insufficient.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 309; Dec. Dig. ⊙⟶150(3).]

Appeal from Crosby County Court; Pink L. Parrish, Judge.

Action by C. C. Cherbonnier against C. C. Shirley. Judgment for defendant, and plaintiff appeals. Reversed, and cause remanded.

J. W. Burton, of Crosbyton, for appellant. A. P. McKinnon, of Floydada, and Lloyd A. Wicks, of Ralls, for appellee.

HALL, J. Appellant, as assignee of the contract, sued appellee for damages in the sum of $740 by reason of appellee's failure to deliver to appellant 60 tons of cotton seed f. o. b. cars at Lorenzo or Cedric. The contract was made between J. A. Bedinfield and appellee October 1, 1914, and the contract price of the seed is $12 per ton. Appellant alleged the execution and assignment of the contract; that he afterwards sold 60 tons for future delivery to the Star Mill & Elevator Company at Amarillo; that appellee wholly failed to deliver the seed to appellant, putting him off from time to time under promise that delivery would be made; that appellant was at all times ready and willing to receive the seed and pay for same, and on or about April 1, 1915, was compelled to purchase 60 tons of seed in the open market at the place of delivery to fulfill his contract with the Star Mill & Elevator Company, for which he was forced to pay at the rate of $23.50 per ton. He also sued for traveling expenses to Lorenzo, Cedric, Amarillo, and to defendant's home in looking after the matter.

The defendant's answer, in addition to exceptions and general denial, alleged specially that defendant had made arrangements with one Arthur Kelsey, who was in the ginning business at Lorenzo, to deliver to plaintiff said 60 tons of seed, and that in pursuance of said agreement Kelsey did deliver the same during the month of November, 1914, on account of the defendant, which was a full settlement and discharge of the obligation sued upon. He alleged further in the alternative that plaintiff had never tendered to defendant the price of the cotton seed nor offered to receive the same, and that he was ready and willing to deliver them to appellant in the event delivery had not already been made. He further pleaded in the alternative that he had a special agreement with Bedingfield, as the agent of appellant, to the effect that appellant would furnish cars in which to load the seed at Lorenzo, and that plaintiff at no time procured cars in which said seed could be loaded, nor did plaintiff give defendant notice to have the seed ready for delivery and that cars would be forthcoming to receive them.

By trial amendment defendant alleged that between November 15 and January 1, 1915, plaintiff was notified, through his agent, Bedingfield, that Kelsey would deliver for defendant to plaintiff 60 tons of cotton seed on Monday or Tuesday of the following week, and that Bedingfield agreed to notify plain-

tiff and have cars ready for loading the seed, and that plaintiff was to notify Kelsey when he would receive the same; that plaintiff never at any time after said conversation notified defendant nor Kelsey that he would receive the seed. Plaintiff filed a reply denying the defendant's second amended answer and trial amendment.

[1, 2] From a judgment for appellee, appellant appeals, and assigns as error the action of the court in permitting Kelsey to testify that he told one Kilpatrick that the plaintiff was to call him up over the telephone and tell him what day he would set out the cars for the seed, and in permitting the witness Kilpatrick to detail the same conversation. The objection was made that the testimony was hearsay and was not binding upon plaintiff, since it was not shown that he was present and heard the statement. Upon this issue Bedingfield testified that he made no such agreement with Kelsey, and his evidence was in direct conflict with the statement of both Kelsey and Kilpatrick upon this issue. The testimony relates to a material issue in the case, and, since it is clearly hearsay, we think is prejudicial error, requiring a reversal. Neither Kilpatrick nor Kelsey were parties to the action, and their statements could not bind appellant in his absence. Fox v. Willis, 60 Tex. 373; Lewis v. Bell, 40 S. W. 747.

[3] The third assignment of error relates to the action of the court in overruling the motion for new trial, upon the ground of newly discovered evidence. The motion was not accompanied by the affidavit of the witness stating what his testimony would be, and was insufficient.

For the errors pointed out, the judgment must be reversed, and the cause remanded.