### KANNIE PRYOR ET AL. v. S. C. PENDLETON ET AL.

No. 704.   Decided January 19, 1899.

**Will—Election—Community Property.**

One who receives from the estate of a deceased father a benefit given by his will providing that the property bequeathed is to be taken in full also of the interest of the devisee in the estate of the deceased mother, elects thereby to abide by the terms of the will and can not maintain action for the recovery of the interest in the community property inherited from the mother.

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Collin County.

Kannie Prior, joined by her husband, sued for partition of her mother's community interest in the estate of her deceased parents, and was held estopped by having accepted a benefit under her father's will. The judgment being affirmed on appeal she obtained writ of error.

*George Hardin* and *Head, Dillard & Muse,* for plaintiffs in error.—To hold one estopped by an election he must have knowingly accepted and appropriated some free disposable property which he would not have received but for the will.   Smith v. Butler, 85 Texas, 126; 1 Pom. Eq. Jur., sec. 515; 2 Story's Eq. Jur., secs. 1097, 1098; 2 Redf. on Wills, 362; 2 Jarm. on Wills, 40-42; 2 Herm. on Estop. and Res Adjudicata, 1157, 1187.

An election to take in opposition to a will does not deprive of all rights under the will, but only of inconsistent rights, and 'a refusal to abide by special bequests does not deprive the legatee so refusing of such property as is given to him as residuary legatee.   2 Redf. on Wills, 365.

*G. R. Smith, J. M. Pearson, M. H. Garnett,* and *R. C. Merritt,* for defendants in error.—Kannie Pryor, having accepted a benefit under the will, must adopt the whole contents of the will, conforming to all its provisions and renouncing every right inconsistent with it.   2 Jarm. on Wills, p. 1; Pritch. on Wills, secs. 473, 754.

A slight expresson of intent will be sufficient to show an election. No positive act is required therefor.   The election is conclusive and can not be set aside.   2 Herm. on Estop., sec. 1050.

Kannie Pryor having received a portion of Charles Robinson's prop-

erty under his will, is thereby held to have elected to take under said will, and is estopped from claiming adversely to the terms of said will until she has restored said property.

BROWN, Associate Justice.—Elizabeth Robinson and Charles Robinson were husband and wife, residing in Collin County, Texas, with three children, to wit, Kannie Pryor, S. C. Pendleton, and T. P. Robinson, all of whom survived both of the parents. During the marriage the property hereinafter mentioned was acquired, and was community property, except a tract of 50¼ acres of land, which was the separate property of Elizabeth. She died on June 1, 1892, intestate, and on her estate no administration was ever had. Charles Robinson died on January 10, 1895, leaving a will in which E. H. Pendleton, the husband of Mrs. S. C. Pendleton, was appointed executor. The will disposed of the real property belonging to the community of Charles Robinson and wife, as well as the tract of land which was the separate property of the deceased wife, by bequeathing to each one of the children a particular tract of land. It contained the following clause: "My intention is to make absolute and final partition between my three children of all of said property, as well what they are entitled to from their mother as well as from me, so that when my son receives property hereinafter bequeathed to him, he takes it in full of his mother's community interest in and to all of said property; when my daughter, S. C. Pendleton, takes the property bequeathed to her in this will, she takes it in full of her mother's community interest in and to all of said property; likewise when my daughter, Kannie Pryor, receives the property herein bequeathed to her, she takes it in full of her mother's community interest in and to all of said property."

The executor applied for the probate of the will in the probate court of Collin County, and while the application was pending, Mrs. Pryor and Mrs. Pendleton went to the house of the deceased and divided between themselves and their brother, who was then in California, all the household and kitchen furniture, it not being disposed of by the will. The executor did not object to this disposition of the property, there being sufficient personal property besides to pay all of the debts. He did not know at the time that there was any objection to the will.

On March 8, 1895, Mrs. Kannie Pryor and her husband executed and acknowledged the following instrument:

"*The State of Texas, County of Collin.*—Whereas Charles Robinson, deceased, expressed the wish in his lifetime that Mrs. Lacy King should receive from his estate the sum of $250, but this bequest is not contained in the will, now, therefore, in order to carry out his wishes on the subject and in consideration of the sum of one dollar to us in hand paid by said Mrs. Lacy King, and for other good and sufficient reasons, we, Kannie Pryor, joined by her husband, W. T. Pryor, citizens of Collin

County, Texas, and legatees named in the last will of said Charles Robinson, deceased, which has been duly probated, do direct, require, and order E. H. Pendleton, the executor of said will, to pay over to said Mrs. Lacy King the sum of two hundred and fifty dollars out of any money belonging to said estate or out of any proceeds from sales of property belonging to said estate yet to be made, and receipt of the said Lacy King to him for such sum of money shall be and operate as our receipt to him for said sum. Witness our hands, this, the 18th day of March, 1895.

"KANNIE PRYOR,<br>"W. T. PRYOR."

When the above instrument was presented to him, the executor paid $250 to Mrs. King, which payment was by him reported to the probate court and approved.

Mrs. Pryor testified in substance that the instrument above copied was executed at the instance of D. P. Johnson, an attorney and notary public, who brought it to her house at night, and that Johnson told her that the instrument was to authorize Pendleton, the executor, to pay Mrs. Lacy King $250 out of the Charles Robinson estate. That her husband asked Johnson if it would in any way affect his wife's right in reference to the will of Charles Robinson and said if it would they would not sign it, to which Johnson replied that it would not, and upon this assurance she and her husband signed the instrument.

Kannie Pryor, joined by her husband, instituted this suit on December 9, 1895, against S. C. Pendleton and her husband, who was also executor, and T. P. Robinson, seeking a partition of the separate property of their mother and also her mother's interest in the community property. Among other things, the defendants pleaded that Mrs. Pryor had elected to take under the will and was estopped to deny its provisions. Also that the estate of Charles Robinson had not been fully administered was not ready for partition.

The trial was had before the court, which gave judgment for the defendants, which judgment was affirmed by the Court of Civil Appeals.

To constitute an election that would work an estoppel upon her, Mrs. Pryor must have received from the estate of her father some benefit given to her by his will which otherwise she would not have been entitled to. Receiving from the estate property not disposed of by the will and which she would have received if no will had been made, would not estop her to claim adversely to that instrument. Smith v. Butler, 85 Texas, 130; Philleo v. Holliday, 24 Texas, 45; Carroll v. Carroll, 20 Texas, 745. A recognition of the executor as such by Mrs. Pryor would not constitute an election to take under the will nor estop her to deny its provisions, because such act caused no injury to the other legatees. Carroll v. Carroll, supra. In the case last cited, the testator by general terms devised all of his estate equally to his wife and children, share and share alike. He appointed his wife executrix and his two sons and

another person executors, exempting them from the control of the county court. The executrix and executors returned an inventory of the property of the estate, in which it was described as the separate property of the testator. In fact, the estate was principally community property of the testator and his wife. In the partition of the estate, the wife claimed her half of the community property. It was contended by the children that she was estopped to claim one-half of the community, having elected to take under the will, but the Supreme Court held that her acts did not constitute an election.

When Mrs. Pryor, with her sister, divided the household and kitchen furniture equally between themselves and their brother, she received nothing by the terms of the will, because that property was not disposed of by that instrument. She took only what she would have received if her father had made no will, which was an equal share of that property as his heir and heir of her mother.

By the execution of the order in favor of Mrs. Lacy King for $250, Mrs. Pryor recognized the executor, but she received for herself nothing, nor was the money paid out of any fund which was devised to Mrs. Pryor by her father, but out of a fund not disposed of by the testator. While that was a recognition of the existence of the will and of the fact that she is named as a legatee in it, as well as the authority of the executor, it is not so strong a recognition as were the acts of the wife in the case of Carroll v. Carroll, who accepted the appointment of executrix and exercised the authority conferred upon her. In neither case were the other legatees put in worse condition, which is an essential element of estoppel upon which the doctrine of election rests.

The District Court erred in holding that Mrs. Pryor was estopped to claim her interest in her mother's half of the estate and the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the judgments of the District Court and the Court of Civil Appeals be reversed and this cause remanded.

Opinion delivered November 14, 1898.

ON REHEARING.

Delivered January 19, 1899.

BROWN, ASSOCIATE JUSTICE.—The opinion filed in this cause on a former day of this term was based upon the conclusion that the household and kitchen furniture was not disposed of by the will of Charles Robinson. This conclusion was drawn from the following statement found in the conclusions of fact filed by the Court of Civil Appeals:

"Charles Robinson never married after the death of his wife, Elizabeth, and at his death left a will, by the terms of which he bequeathed all of his real estate to his children, giving to each a specified tract. * * * Nothing was said in the will of Charles Robinson about the disposition of the household and kitchen furniture." It is the practice in this court to accept the conclusions of fact filed by the Court of Civil

Appeals as correct when not challenged by either party, and we acted upon this rule of practice in this instance. Upon examination of the will of Charles Robinson as set out in the transcript, we find that it disposes of the personal property by bequeathing it in equal shares to the three children.

The former opinion being based upon a misconception of the testimony, is erroneous in its conclusion and must be set aside. The rule of law laid down in the opinion is correct, and when applied to the true facts of the case, necessarily produces an opposite result and requires us to hold that Kannie Pryor, by accepting property bequeathed to her by the will of her father, which property she would not have received otherwise than through him, thereby accepted the will and estopped herself to contest any of its provisions.

It is therefore ordered that the motion for rehearing be granted, and that the judgment heretofore rendered by this court reversing and remanding this cause be set aside and that the judgment of the District Court and of the Court of Civil Appeals be affirmed.

*Rehearing granted and judgment affirmed.*