## LANGSTON v. ROBINSON.   (No. 6579.)

(Court of Civil Appeals of Texas. Austin. June 13, 1923.)

**1. Witnesses ⬅139(7) — Exclusion of testimony by widow in support of plea of resulting trust and purchase of estate as preferred creditor held proper.**

In a suit, under Rev. St. arts. 3235, 3363, against a widow as independent executrix of her deceased husband's estate to subject the latter to a payment of a judgment against deceased, exclusion of defendant's testimony as to transactions with deceased's husband, in support of plea of resulting trust, and that she obtained title to estate lands by purchase as a preferred creditor, *held* proper, in view of article 3690.

**2. Witnesses ⬅159(3) — Testimony between executrix and deceased husband held to be testimony of transaction between executrix and testator, prohibited by statute.**

In a suit under Rev. St. arts. 3235, 3363, against a widow as independent executrix of her deceased husband's estate, to subject the latter to payment of a judgment against deceased, *held* that, where it was necessary to substantiate the widow's defense of resulting trust, to show an agreement by deceased to take title in trust for the widow, or that he had used her funds, or loan, transactions, and other dealings, between deceased and widow, such evidence was testimony of a transaction with deceased, prohibited by article 3690.

**3. Wills ⬅803 — Widow electing under will held precluded from asserting title from another inconsistent source as against creditors.**

In a suit under Rev. St. arts. 3235, 3363, against a widow as independent executrix of her deceased husband's estate, to subject the latter to the payment of a judgment against deceased, *held* that, where defendant had elected as sole devisee to take title to the husband's lands under the will, she was precluded from asserting title from another inconsistent source, and especially where by taking under the will she obtained a greater estate then she otherwise would have received.

**4. Witnesses ⬅172 — Fact that widow as independent executrix defended in different capacity held not to enable her to testify as to transactions with deceased husband.**

If, in a suit under Rev. St. arts. 3235, 3363, against a widow as independent executrix of her deceased husband's estate, to subject the latter to the payment of a judgment against deceased, the widow defended both in her capacity as executrix and as sole devisee under the will and in her own separate right, so that because of the indivisibility of the action a recovery by her would be joint, testimony as to transactions with her deceased husband, prohibited by Rev. St. art. 3690, essential to substantiate her defense of resulting trust or purchaser as preferred creditor, could not be limited to her interest as sole devisee or any other individual capacity where she might personal-

ly recover, and at the same time be excluded as to her interest as independent executrix of the estate, without nullifying article 3690, in view of articles 2470, 3235, 3363, and 3593.

**5. Executors and administrators ☞7—Finding that independent executrix had not resigned as such when suit filed held proper.**

Where, in a suit under Rev. St. arts. 3235, 3363, against a widow as independent executrix to subject the estate of her deceased husband to payment of a judgment against deceased, defendant did not plead she had resigned as independent executrix, and no evidence was offered that she resigned, the trial court properly *held* that at the time of filing of the suit defendant had not resigned.

**6. Executors and administrators ☞7 — Independent executrix held not to have had opportunity to resign as such prior to filing of suit to subject deceased's estate to payment of judgment.**

In a suit under Rev. St. arts. 3235, 3363, against a widow as independent executrix to subject the estate of her deceased husband to payment of a judgment against deceased, *held*, that defendant could not have resigned as independent executrix prior to the filing of the instant suit, where it was necessary to maintain that capacity in another pending suit against her by heirs to contest the will.

**7. Wills ☞303—In suit to subject estate to payment of debt against decedent, widow, as executrix and sole devisee under will, under which she elected to take, held estopped from asserting title, independently of will.**

Where a wife probated the will of her deceased husband, by the terms by which she was made independent executrix and sole devisee to the property, which she listed and swore to as independent executrix as being the community property of herself and the testator, and title to all the property was in the name of the testator at his death, and he had children and heirs by a former marriage entitled to one-half interest in his portion of the community property, but for the will which the heirs contested, and the wife received benefits under the will, and received the property with full knowledge of her legal rights, *held* that, in a suit under Rev. St. arts. 3235, 3363, against her as independent executrix, to subject her deceased husband's estate to the payment of a debt, defendant widow was estopped from claiming title to the lands independently of the will.

**8. Pleading ☞36(3) — Sole devisee, pleading possession to land under will, held estopped from asserting that she did not take under will.**

Where, in a suit under Rev. St. arts. 3235, 3363, against a widow as independent executrix to subject the estate of her deceased husband to payment of a judgment against deceased, defendant specifically pleaded that she was entitled to the estate lands by reason of being in possession for three years as devisee, *held*, that she was estopped from claiming that she did not take under the will.

**9. Limitation of actions ☞19(1) — Statute barring suit to recover real estate in three years held not to apply to statutory suit to subject lands of decedent's estate to payment of debt against him.**

Rev. St. art. 5672, barring a suit to recover real estate, if not commenced within three years, applies only in suits of trespass to try title, and not in a suit under Rev. St. arts. 3235, 3363, against an independent executrix, to subject the estate of her deceased husband to the payment of a claim against him; the only limitation applying in such a suit being a limitation against the claim itself.

**10. Appeal and error ☞303, 706(3)—Assignment of error for refusal to grant new trial on newly discovered evidence not considered on appeal, where motion was defective and not supported by facts in record.**

An assignment of error in refusing to grant motion for new trial based on newly discovered evidence will not be considered on appeal, where the motion incorporating the purported newly discovered evidence was not sworn to, and a statement of facts did not appear in the record in support of the motion.

**11. New trial ☞108(2)—Denial of motion for new trial held proper, where effect of granting it would set up new defense previously known.**

Where, in a suit under Rev. St. arts. 3235, 3363, against an independent executrix to establish a claim against the estate of her deceased husband, defendant did not plead as a defense claims paid by her as independent executrix, a motion for new trial, based on alleged newly discovered evidence of claims paid by her which would in law be prior to the claim of plaintiff, as being necessary expenses to protect the property for plaintiff's benefit, will be denied, where the granting of the motion would in effect permit defendant to set up a new defense, which she alone knew at the time of the trial.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Suit by R. B. Robinson against Mrs. Sue Langston, as independent executrix of the estate of J. H. Langston, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

Callaway & Callaway, of Comanche, and Wilkinson & McGaugh, of Brownwood, for appellant.

Miller & Brown, of Brownwood, for appellee.

### Statement.

BLAIR, J. This suit was instituted by appellee, R. B. Robinson, against Mrs. Sue Langston, as independent executrix of the estate of J. H. Langston, deceased, seeking to subject the estate of the said J. H. Langston, deceased, in the hands of said Mrs. Sue Langston, as independent executrix, to the payment of a judgment in favor of appellee against the said J. H. Langston, deceased.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellee's petition alleged that he obtained judgment against J. H. Langston, in the district court of Armstrong county, Tex., on October 1, 1912, for the sum of $5,105.76, with 8 per cent. interest from the date of the judgment, on which judgment $11.65 was paid by the sale of property December 3, 1912, and the balance due on the date of the trial, including interest, was $8,824.12, and that execution had issued on said judgment on the 7th day of November, 1912, and that abstracts of said judgment had thereafter been recorded in Eastland county, Tex., and in Brown ·county, Tex.; that the appellant was the surviving wife of the said J. H. Langston, who died February 17, 1917, and that they had been husband and wife since the year 1907; that at the time of his death J. H. Langston left a will by which he devised all his property, describing the tracts of land by metes and bounds, to appellant, after the payment of his debts, which will was duly probated in the county court of Brown county, Tex., on the 2d day of April, 1917, and appellant duly qualified as independent executrix by appointment of said will, by taking the oath, and having issued to herself a certificate of such appointment, and thereafter returned an inventory, appraisement, and list of claims, in which she listed the property in controversy as the community estate of herself and her deceased husband, J. H. Langston; that thereafter the children and heirs of J. H. Langston, deceased, by a former marriage, filed a contest of said will, and removed the proceedings thereon to the district court of Brown county, Tex., where the contest remained undisposed of until May 17, 1920, when appellant, by aid of counsel employed for such purpose, succeeded in establishing said will, and its probation was confirmed, as well as the appointment of appellant as independent executrix and as sole devisee thereunder; that said judgment which appellee held against J. H. Langston, deceased, at the time of his death, was a legal and binding judgment, and a valid debt and charge against the estate of the said J. H. Langston, deceased, which was alleged to be in the hands of appellant as independent executrix of said estate, and was described by metes and bounds in appellee's petition, and appellee prayed that said judgment be established as a valid and legal debt and claim against said described estate, and as a statutory lien and charge on said estate in the hands of said independent executrix.

The defendant answered by formal demurrer and denial, and by special pleas: First, that the property in question was her separate property, by reason of a resulting trust arising in her behalf because of the fact that her separate monyes were used to purchase the property described in appellee's petition, although the title was taken in the name of her deceased husband, J. H. Lang-ston; second, that if she were mistaken that she owned the property by reason of a resulting trust, that she obtained title thereto by virtue of being the sole devisee under the will of J. H. Langston, deceased, and that under such will she had held possession of said premises for more than three years, and had obtained title thereto by virtue of the three-year statute of limitation; and, third, that in the event she be mistaken in both of the above pleas, then she claims same as purchaser from her husband, in satisfaction of a debt of $5,244, which she claims was due her by him for borrowed money, and that the property was not worth more than $4,000; and that her husband had the right to prefer her as to other creditors in settling his estate.

Appellee replied by supplemental pleadings that the said Mrs. Sue Langston had elected to take the property under the will, and was thereby estopped to claim otherwise in this suit filed against her as independent executrix of the estate of J. H. Langston, deceased.

The case was tried before the trial judge, without a jury, and he found for appellee against appellant as independent executrix of the estate of J. H. Langston, deceased; that the judgment was a valid and subsisting debt, and subjected all of the property described in appellee's petition to the payment of the same, save and except one house and lot described in said judgment, which he held to be exempt as her homestead in Blanket, Tex., and 160 acres of the 280 acres of land in Eastland county, Tex., 80 of which had been deeded to her many years before the death of her husband, and another 80 acres having been released by the appellee from said judgment to the heirs of J. H. Langston, deceased, and which said judgment described both the property subject to the lien and the property exempt, by metes and bounds.

### Findings of Fact.

The record contains a statement of facts; also the trial judge, upon request, filed his specific findings of fact. We adopt the findings of fact by the trial judge as our own, with such other facts as may be set out in our opinion in this case. The trial judge's findings of fact are as follows:

"(1) I find that on October 1, 1912, plaintiff, R. B. Robinson, recovered judgment in the district court of Armstrong county, Tex., in cause No. 252 on the docket of said court, entitled R. B. Robinson v. J. H. Langston, for the sum of $5,105.76, with interest thereon at the rate of 8 per cent. per annum and costs, and that execution was issued on said judgment to Armstrong county within 12 months from date of said judgment and returned by the sheriff of said county as provided by law, and that said sheriff collected the sum of $11.65, besides costs, which was applied as a credit on said judgment, leaving a balance of $5,094.11 unpaid on the principal of said judgment, together

with all interest thereon, all of which is still wholly unpaid, and that said judgment has at all times been and still is a valid and subsisting judgment, and that the principal, together with interest thereon to the date of judgment herein, aggregates the sum of $8,824.12.

"(2) I find that defendant, Mrs. Sue Langston, and said J. H. Langston were married during the year 1907, and at the date of said marriage the property owned by defendant consisted of about $500 in money, 14 head of Jersey cattle, a few hogs, her chickens, furniture, and a few other small items of property, and at said time said J. H. Langston owned 324 acres of land in Erath county, Tex., worth about $30 an acre, consisting of two farms, with the improvements thereon, and also owned his farming implements and some horses and cattle and other property.

"(3) I find that said J. H. Langston, defendant in said judgment, died in Brown county, Tex., on or about February 17, 1917, leaving defendant, Mrs. Sue Langston, as his surviving wife, and leaving a will by which he made his said wife, defendant herein, independent executrix without bond and sole devisee, after payment of all debts, and that on February 21, 1917, defendant filed her application in the county court of Brown county, Tex., for the probate of said will of said J. H. Langston, and thereafter at the April term, 1917, of said court, by order entered April 2, 1917, said will was duly admitted to probate and record by said county court of Brown county, Tex., as the last will and testament of said J. H. Langston, deceased.

"(4) I find that said will provides that no action shall be had in the county court other than to probate said will and to return an inventory and appraisement, and provides that no bond shall be required of defendant as executrix thereof, and that said will makes defendant independent executrix of said will without bond.

"(5) I find that said will directs that all of the indebtedness of every character of said J. H. Langston shall be paid, and after payment of all just debts left unpaid at the date of his death all the rest of his property was thereby devised and bequeathed to his said wife, defendant herein, and I find that defendant took the oath as executrix of the said estate of said J. H. Langston, deceased, on April 2, 1917, and made and returned an inventory and appraisement of said estate, in which she listed and inventoried all of the real estate devised by said will, except the 80 acres of land deeded by said J. H. Langston to defendant prior to his death as hereinafter stated, and the homestead on block 82 in the town of Blanket, which inventory was filed in said county court on April 4, 1917, which was in all things approved by an order of said court duly entered April 4, 1917, and that letters testamentary were issued to defendant as such independent executrix of said estate.

"(6) I find that, after said will was probated and defendant had qualified as independent executrix of said estate, certain heirs of J. H. Langston, deceased, removed said cause to this court by proceedings under the statutes of this state for the purpose of contesting said will, and that defendant appeared by herself and counsel employed by her in said cause and de-

253 S.W.—42

fended said will and its probate, which said cause remained contested and undetermined on the docket of this court until May 18, 1920, when said cause was determined in this court, and judgment entered confirming and establishing said will and the probate thereof, and confirming defendant as independent executrix of said estate under said will.

"(7) I find that said judgment in favor of plaintiff was rendered during the lifetime of said J. H. Langston and during the time he and defendant were living together as husband and wife, and that said judgment was a community debt, and was outstanding and unpaid as a community debt, and as a valid and subsisting judgment, at the date of the death of said J. H. Langston.

"(8) I find that at the date of the death of said J. H. Langston he was seized and possessed of all the real estate described in plaintiff's petition, except the 80 acres of land described in deed mentioned in paragraph 9 hereof, and that all of said property was community property of said J. H. Langston and his said wife, defendant herein, except said 80 acres, and that he devised all of said real estate to defendant by particular description thereof in said will, and that defendant probated said will and qualified as independent executrix thereof and elected to take under said will, and accepted under said will, and took and holds said property under said will, and ever since qualifying · as above stated she has been and still is the duly appointed, qualified, and acting independent executrix of said estate.

"(9) I find that said J. H. Langston executed and delivered to his said wife, defendant herein, a deed dated October 8, 1912, by which deed he conveyed to defendant 80 acres of said 280-acre tract of land described in plaintiff's petition which 80-acre tract conveyed by said deed the court finds is described by metes and bounds as set out in the judgment rendered and entered in this cause, and I find that said deed was duly recorded in Eastland county October 10, 1912, and that defendant has ever since been in possession of said 80 acres of land under said deed, holding and claiming said land using and enjoying the same and paying all taxes due thereon.

"(10) I find that on May 10, 1920, plaintiff executed and delivered to the heirs and devisees of J. H. Langston, deceased, a release of his judgment lien and claim in so far as same applied to 80 acres out of said 280-acre tract in Eastland county described in plaintiff's petition, said 80 acres covered by said release described by metes and bounds in said release as set out in the judgment rendered and entered in this cause, by which release plaintiff released said 80 acres of land from any and all liens and claims of plaintiff on account of his said judgment.

"(11) I find that the remaining 120 acres of land, out of said 280-acre tract in Eastland county described in plaintiff's petition, besides the two 80-acre tracts out of same above referred to, is described by metes and bounds as set out in the judgment rendered and entered in this cause.

"(12) I find that at the time of the death of said J. H. Langston, he and defendant resided in the town of Blanket, on lots 20, 21, 22, 23, and 24, in block 82, described in plaintiff's pe-

tition, and said lots constituted their homestead, and that since his death defendant has continued to reside on said lots and same are still her homestead."

## Opinion.

This suit was against the duly qualified and acting independent executrix of the estate of J. H. Langston, deceased, to subject his estate in her hands as independent executrix to a valid claim and judgment against the deceased, as authorized by articles 3235 and 3363 of the Revised Statutes of Texas. This being true, the trial judge concluded that the inhibition against testimony of transactions with decedent, to support her defense to the claim, should be enforced. The case, therefore, practically resolves itself into a determination of whether the provisions of article 3690, which prohibits testimony of transactions with decedents, are applicable in this case.

[1] By her assignments 1 to 4 appellant directly and indirectly attacks the action of the trial judge in applying the rule announced in article 3690, Revised Statutes, which provides:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Aside from the question raised, whether appellant, having elected to take as sole devisee under the will, is estopped from claiming title from any other source inconsistent therewith, which question we will discuss later in our opinion, we are of the opinion that the trial judge was correct in excluding the testimony of appellant as to transactions with the deceased, in support of her pleas of a resulting trust, and that she obtained title by purchase as a preferred creditor. The record discloses that appellant reserved three bills of exception to the action of the court in excluding certain evidence sought to be introduced in support of these two pleas.

The first bill sets out the testimony sought to be introduced, in substance, that Mrs. Langston would have testified in her own behalf that the 280 acres of Eastland county land, described in appellee's petition, was her separate property, by reason of the fact that she had advanced to her deceased husband sums aggregating $3,700, and that, in part payment of these sums, her husband had given her certain vendor's lien notes, being six second lien notes, of the face value of $6,925, which notes were traded for the 280 acres of land in Eastland county, but that the title was taken thereto in the name of her deceased husband, J. H. Langston, yet her separate funds paid for it, and by reason thereof a resulting trust existed in her behalf.

The second bill of exception sets out the testimony sought to be proven, as being the testimony of appellant in her own behalf, that while she and her husband were living together at Claude, in Armstrong county, she had in her possession and owned as her separate property six certain vendor's lien notes, of the aggregate face value of $6,925, which were dated April 20, 1910, executed by A. O. Begwell, and payable to J. H. Langston, and that thereafter she traded these notes for the 280 acres of land in Eastland county, but the deed thereto was taken in the name of her husband, and she would have further testified that this was the only consideration and was in full payment of said land, and that it was deeded to her husband, J. H. Langston, free from indebtedness.

The testimony excluded, as shown by her third bill of exception, is that appellant would have testified, in her own behalf, that her separate moneys and property paid for a tract of 160 acres of land in Mills county, title to which was taken in the name of her husband, and that that tract of land in Mills county was thereafter traded for lots Nos. 1, 2, 3, 4, 22, 23, and 24, in block 61, of the town of Blanket, Brown county, Tex., and being the only consideration given therefor, and that, although the funds and property given in payment for the 160 acres in Mills county were her separate funds and properties, the Mills county land was traded in full payment of the above lots, the deed to which was taken in the name of her husband, J. H. Langston.

[2] In each instance, as shown by the testimony set out in these three bills of exception, it was necessary to further show, in order to defeat the record title in the name of J. H. Langston, deceased, to the property in controversy, that it was agreed that he had taken the title in trust for his wife, or that he had taken title to property which her separate funds had paid for, or of various loans and dealings with her deceased husband, as to how the property or money paid became her separate property. This being true, it is testimony of a transaction between the appellant, who is sued in the capacity of independent executrix, and her deceased testator, and prohibited by article 3690.

[3, 4] Appellant further contends that, she having defended in this suit, both in her capacity as executrix and as devisee and in her own separate right, article 3690 did not apply. This we do not sustain, first, because the trial court found as a matter of fact that appellant had elected to take title to the property in controversy under the will, and was thereby precluded from asserting title from another source inconsistent therewith,

it being further shown that by reason of her taking title under the will she obtained a greater estate than she would otherwise have obtained; second, because the suit of appellee is one against her as independent executrix of the estate of her deceased husband, J. H. Langston, seeking to subject his estate in her hands to the payment of a judgment or claim owing by him at the time of his death, and no plea or defense on the part of the defendant would change the nature of the suit or the capacity in which it was brought; and, third, the trial court having found that she was the qualified and acting independent executrix of said estate at the time this suit was filed, therefore any recovery she may have obtained would have been a joint recovery in herself as independent executrix of said estate and as sole devisee under the will, or in her own right by reason of the resulting trust, or by purchase as a preferred creditor in settlement of her claim against the deceased. This cause of action being therefore indivisible, the testimony could not be limited to her interest as sole devisee, or any other individual capacity where she might personally recover, and at the same time excluded as to her interest as independent executrix of the estate of her deceased husband. The propositions are therefore overruled. To permit such would particularly nullify the provisions of article 3690. Revised Statutes of Texas, arts. 2470, 3235, 3363, 3593, 3690; Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Snaman v. Lane (Tex. Civ. App.) 184 S. W. 366; Kauffman v. Wooters, 79 Tex. 205, 13 S. W. 549; Low v. Felton, 84 Tex. 378, 19 S. W. 693; Holland v. Nimitz (Tex. Com. App.) 232 S. W. 298; Leahy v. Timon, 110 Tex. 73, 215 S. W. 951; Id. (Tex. Civ. App.) 204 S. W. 1029; Spencer v. Schell, 107 Tex. 44, 173 S. W. 867; Clark v. Briley (Tex. Civ. App.) 193 S. W. 422; Ross v. Kell (Tex. Civ. App.) 159 S. W. 119; Lasater v. Lopez, 110 Tex. 179, 217 S. W. 373.

[5, 6] Appellant's fifth and sixth propositions, that an independent executrix can resign and close the estate without judicial sanction, and that after her resignation she can defend a suit as devisee and avoid the application of article 3690, as to testimony of transactions between herself and the testator, are not well taken in this suit, for the trial court found, both as a matter of fact and of law, that appellant had not resigned at the time of the filing of this suit, and we think correctly so. No pleading was filed by appellant alleging that she had resigned as independent executrix. No evidence was offered that she had resigned, and in fact, in the state of the record as presented in this case, she could not have resigned before the filing of the petition in this suit. It is shown that she made application to probate the will of her deceased husband, and that it was admitted to probate on April 4, 1917; that thereafter she duly qualified as independent executrix of the estate under the will, by taking the oath as such, and filing an inventory, appraisement, and list of claims; that thereafter the heirs of her deceased husband by a former marriage filed a contest of the will, and removed the proceedings thereon to the district court of Brown county, Tex., as provided by law, and that pending final disposition in said court upon the contest filed, and before the final order confirming the probation of this will and her appointment as independent executrix thereunder, this suit was filed against her as such independent executrix, and therefore she had no opportunity to resign as independent executrix prior to the date of the filing of this suit, since it was necessary for her to maintain that capacity in defense of the contest of the will.

[7] By her seventh proposition appellant contends that the doctrine of election does not apply in this case, and that she is not estopped from claiming the lands in controversy independently of the will, first, because she received no benefits under the will, which she would not have been entitled to as a matter of law if there had been no will; second, that the election, if made, was in ignorance of material facts, or, if not in ignorance of material facts, was in ignorance of her legal rights thereunder, and she was not thereby estopped; and, third, that the question of election was one of fact and not an arbitrary question of law. We do not sustain this proposition, nor any of the subdivisions thereunder, because none of the contentions are substantiated by the facts; that is, the trial judge who tried the same without a jury found against these contentions, and his findings are sufficiently supported by the evidence that they will not be disturbed on appeal. As to these contentions, we are of the opinion that where the record discloses that a wife probated the will of her deceased husband, by the terms of which she is made independent executrix and sole devisee to the property which she later lists and swears to as independent executrix as being the community property of herself and the testator, and the record further shows that title to all the property was in the name of the testator at the time of his death, and where it further shows that he had children and heirs by a former marriage, who were entitled to a one-half interest in his portion of the community property, but for the will, and where such heirs did actually contest the will, that as a matter of fact as well as of law the wife did receive benefits under the will which she was not entitled to as a matter of law independent of the will, and that she received the same with full knowledge of all of her legal rights, and the court was warranted in so holding, that she was estopped from claiming title to the land in controversy, independent of said will. Author-

ities cited under propositions 1 to 4, and Pryor v. Pendleton, 92 Tex. 384, 47 S. W. 706, 49 S. W. 212; McClary v. Duckworth (Tex. Civ. App.) 57 S. W. 317; Packard v. De Miranda (Tex. Civ. App.) 146 S. W. 214; Philleo v. Holliday, 24 Tex. 38; Little v. Birdwell, 27 Tex. 691; Mayo v. Tudor, 74 Tex. 471, 12 S. W. 117.

[8] The appellant specifically defends in this cause of action that she was entitled to this land by reason of being in possession of the land for three years as devisee under the will; therefore she is estopped from claiming that she did not take thereunder.

[9] Appellant's eighth proposition, that by reason of having been in possession of the land for more than three years as devisee under the will appellee's cause of action was barred by virtue of article 5672 of the Revised Statutes, is not well taken. This article is only applicable in suits of trespass to try title, and this being a suit to establish a claim against a decedent's estate and subject the property in the hands of an independent executrix to the payment thereof, the statute does not apply. The only limitation that would apply in this case is limitation against the claim itself, and there is no question but that the claim sued upon in this case is not barred.

[10, 11] By her ninth proposition appellant claims that the trial court erred in not granting her a new trial on the ground of newly discovered evidence after the trial of the case. This assignment cannot be considered by us, because the motion for new trial incorporating the purported newly discovered evidence was not sworn to, nor is there any statement of facts in the record in support of this motion. Therefore we cannot consider this assignment. Besides this, such facts as the record discloses as to claims paid by appellant after she took charge of the estate under the will were not pleaded as a defense in the suit, and to grant the motion for a new trial, based upon alleged newly discovered evidence of claims paid by the independent executrix of the estate of J. H. Langston, deceased, which would in law be prior to the claim of appellee herein, as being necessary expenses to protect the property for his benefit, would be nothing more than granting a motion for a new trial to permit appellant to set up a new defense, which she alone knew at the time of the trial.

By her tenth proposition, appellant contends that the court committed fundamental error in holding that she was estopped from claiming the lands in controversy as her separate property, because the undisputed evidence shows that she advanced her husband the sum of $3,700, and that she was entitled to take the land in controversy to pay her debt. Without passing upon the legality of this proposition as presented, we are of the opinion that the trial court was correct in his ruling, since the proof of such claim for debt necessarily required the testimony of transactions by appellant with her deceased husband and testator of the will, which is prohibited by the provisions of article 3690, in this suit. Ginners', etc., v. Wiley (Tex. Civ. App.) 147 S. W. 629; Cherbonnier v. Shirley (Tex. Civ. App.) 185 S. W. 641; Houston, etc., v. Hooper, 46 Tex. Civ. App. 257, 102 S. W. 133; G., C. & S. F. Ry. Co. v. Adams (Tex. Civ. App.) 121 S. W. 876; Austin Electric Ry. Co. v. Faust, 63 Tex. Civ. App. 91, 133 S. W. 449; Funk v. Miller (Tex. Civ. App.) 142 S. W. 24; Vernon's Sayles' Statutes, art. 2020, and authorities collated thereunder.

We are of the opinion that there is no error in the judgment, and it is therefore affirmed.

Affirmed.

JENKINS, J., did not participate in this opinion.