MARIE MEYERS *vs.* GERHARD F. KOOKE ET AL.,
EXECUTORS.

*Estoppel—To Attack Will—Prior Acceptance of Legacy—Participation in Equity Proceeding.*

In a proceeding to caveat a will, the record of a prior equity proceeding for the construction of the will, in which the caveator participated, and under which distribution of the estate was made to her and other legatees, was admissible as showing her consent to the distribution.                              p. 474

One who participated in an equity proceeding for the construction of a will, and accepted and retained a legacy paid to her in accordance with a decree for distribution rendered in such proceeding, is estopped subsequently to prosecute a caveat to the will in the orphans' court, regardless of whether the equity court, in passing the decree for distribution, improperly assumed jurisdiction which the orphans' court is ordinarily entitled to exercise.                              pp. 474, 475

*Decided November 13th, 1924.*

Appeal from the Orphans' Court of Baltimore City.

Caveat proceeding by Marie Meyers in connection with the alleged will of Herman B. L. Everding, deceased, against Gerhard F. Kooke and John C. Pape, executors named in said alleged will. From an order dismissing the caveat, said caveator appeals. Affirmed.

The cause was argued before BOYD, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, BOND, and PARKE, JJ.

*Frank Driscoll,* for the appellant.

*James W. Chapman, Jr.,* and *James McC. Trippe,* for the appellees.

URNER, J., delivered the opinion of the Court.

The will of Herman B. L. Everding, of Baltimore, bequeathed one thousand dollars to his cousin, Mrs. Mary Meyers, of Gehrde, in the province of Hanover, Germany. The Orphans' Court of Baltimore City admitted the will to probate, without contest, and granted letters testamentary to the designated executors. There were certain provisions of the will which the executors desired to have judicially construed. They accordingly filed a bill of complaint in the Circuit Court of Baltimore City, invoking its jurisdiction for the construction of the will and the distribution of the estate. Mrs. Meyers, with other defendants, by Charles H. Kooke, as their attorney in fact, and by B. Harris Henderson, as their solicitor, answered the bill of complaint and consented to the judicial action therein proposed. The circuit court subsequently passed a decree assuming jurisdiction, construing the will and directing a distribution. In pursuance of the decree, and after the ratification of an audit prepared in conformity with its directions, the executors paid to Mr. Kooke, as attorney in fact for Mrs. Meyers, the sum of $929.40, being the amount of her legacy, less the collateral inheritance tax and certain costs. The money so received by the attorney was deposited in the name of Mrs. Meyers, subject to his order, in the Hopkins Place Savings Bank, of Baltimore. A formal release of the executors from any further liability on account of the legacy was executed by Mr. Kooke in the exercise of the full and specific authority conferred upon him by the power of attorney. Upon being notified of the receipt and deposit of the money, and of Mr. Kooke's readiness to forward all or any part of it to her, as she might desire, Mrs. Meyers requested him to send her a small portion of the legacy. With this request he promptly complied. The balance of the fund has since remained on deposit in the savings bank, awaiting Mrs. Meyers' instructions as to its remittance.

About three months after the payment of the legacy by the executors, a caveat to the will was filed by Mrs. Meyers, al-

leging that it was not duly signed and attested, that the testator was not mentally capable at the time of its execution, and that it was procured by undue influence and fraud. The caveat was opposed by the executors and the residuary legatee, in answers which denied its allegations and relied upon the caveator's participation in the equity proceeding for the interpretation of the will, and her acceptance of a legacy under its provisions, as an effectual bar to her present effort to contest its validity. At the hearing in the orphans' court, the record of the case in the circuit court was offered and admitted. The record included the original power of attorney to Mr. Kooke, signed by Mrs. Meyers and acknowledged by her before a German notary, whose act was duly authenticated by a judge of the jurisdiction in which the acknowledgment was made and certified. There was testimony by Mr. Kooke before the orphans' court as to his receipt and disposition of Mrs. Meyers' legacy, and his release to the executors was offered in evidence. The orphans' court dismissed the caveat, and from that action the caveator has appealed.

In her endeavor to avoid the effect of the rule of estoppel, which appears to be clearly applicable to the case in view of the uncontradicted facts, the appellant makes the contention that the Circuit Court of Baltimore City was without jurisdiction to decree the distribution under which the legacy to her was paid. The fact of her consent as a party to the exercise of such authority by the court is said to be ineffectual to confer a jurisdiction which would not otherwise exist. It is argued that there were no special conditions which could justify a court of equity in taking charge of the administration and distribution of the estate passing under the will. It is further contended that the executors, who paid the legacy, were acting under appointment by a codicil which was not legally attested. While there is no denial of the actual execution by the appellant of the power of attorney under which her interests were represented and her legacy was received, there is objection that the proof of the instrument is insufficient. Certain letters showing her ap-

proval of the distribution, and her acceptance of the legacy, are said to have been improperly admitted in evidence, although the facts thus shown are not the subject of dispute. Exception was also taken to the admission of the papers and docket entries in the equity suit.

It was permissible for the appellees to introduce in evidence the record of the equity case, as tending to prove the appellant's assent to the distribution of the estate under the will which she now seeks to invalidate, and as showing the method by which that result was actually accomplished. While some of the objections to evidence might be sustainable, there is sufficient competent proof of the fact that the pecuniary legacy bequeathed to the appellant by the will was paid to her agent by the executors, in obedience to a decree passed in a proceeding to which she was a party, and that the fund has since been kept under her control. It was provided by the will that any beneficiaries disputing it should be deprived of the interests to which they would be entitled under its terms. The appellant's attack upon the will is made after payment of her legacy by the executors and its deposit in bank to her credit, and without any offer by her to relinquish the benefit thus obtained.

The appellees deny the right of the appellant, on this appeal from an order of the orphans' court, to raise the question as to the jurisdiction of the circuit court to pass the decree under which her legacy was paid, but if the right to urge the point be conceded, it cannot be made the basis of a decision in the appellant's favor. It is not necessary to determine whether there were special conditions which made it proper for the circuit court to decree the distribution of the estate and thus assume the jurisdiction which the orphans' court is ordinarily entitled to exercise. It is also immaterial that such a jurisdiction could not be conferred upon the circuit court by the appellant's consent. The important and decisive fact is that her participation in the equity proceeding induced the payment of her legacy under the will which she now desires to contest. The answers on her behalf filed in the equity suit distinctly recognized the

authority of the executors, by whom the estate was being administered, and the acceptance, through her agent, of their payment of the legacy, confirmed and emphasized that recognition. There is no suggestion that her caveat is based upon facts discovered since the distribution, and no explanation of her failure to contest the will before the administration of the estate was completed. It is clear that the appellant is estopped by her conduct from now prosecuting the caveat.

In *Fisher v. Boyce,* 81 Md. 52, where parties who admitted in an equity suit the due execution, publication and probate of a will were held to be estopped by such admission to caveat any of its provisions, the controlling principle was thus stated: " 'A party cannot, either in the course of litigation or in dealings *in pais,* occupy inconsistent positions; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party done with knowledge of his rights and of the facts, determines his election and works an estoppel.' * * * 'It is an old rule of equity, that one who has taken a beneficial interest under a will, is thereby held to have confirmed and ratified every other part of the will, and he will not be permitted to set up any right or claim of his own, however legal and well founded it may otherwise have been, which would defeat or in any way prevent the full operation of the will.' *Bigelow on Estoppel,* 562."

*Order affirmed, with costs.*