M. Carl JONES et al., Appellants,

v.

Charlene JONES et al., Appellees.

No. 6867.

Court of Civil Appeals of Texas.

Texarkana.

March 28, 1957.

Rehearing Denied April 25, 1957.

See also 296 S.W.2d 237.

Hussey & Smith, Shreveport, La., Smead & Harbour, Hurst & Burke, Longview, for appellants.

Wynne & Wynne, Angus G. Wynne, Clarence A. Abramson, Dallas, Philip Brin, Longview, Jackson, Mayer & Kennedy, Shreveport, La., for appellees.

DAVIS, Justice.

Winston Albert Jones, commonly known and hereinafter referred to as Abb Jones, died testate on the 2d day of April, 1952, in Caddo Parish, State of Louisiana, which was his place of domicile at the time of his death. On May 6, 1952, Mrs. Charlene Willoughby Jones, hereinafter referred to as Mrs. Jones, surviving wife of Abb Jones, caused an instrument purporting to be the last will and testament of Abb Jones, to be probated in the First District Court of Caddo Parish, Louisiana. In the order admitting the will to probate, we find the following:

"* * * Whereupon I, the said Judge, do hereby declare the said olo-

graphic last will and testament to be truly proved, and having read the will in a loud and distinct voice to the aforesaid witnesses, and in the presence of the undersigned witnesses, all present in Court, and having signed the will 'ne varierur' at the beginning and end of each page thereof, do now order the same to be deposited and recorded in the office of the Clerk of the First Judicial District Court in and for Caddo Parish, Louisiana, and that the execution thereof take place according to law. * * *"

Mrs. Jones was appointed administratrix under the will of Abb Jones and accepted benefits under the same prior to the filing of this suit in the County Court of Gregg County, Texas.

Subsequent to the date the will was admitted to probate in the First District Court of Caddo Parish, Louisiana, a certified copy of the will and the order admitting the same to probate was filed for record in the office of the County Clerk in Gregg County, Texas, pursuant to the provisions of Article 8301, Vernon's Ann.Civ.St., but we do not believe the record reveals the date the certified copies of the will and order were actually filed in Gregg County, Texas. The record in the case is voluminous and it is possible that such dates may be shown and we have overlooked it.

On May 11, 1954, Mrs. Jones individually and as next friend for two minor adopted daughters of herself and Abb Jones, deceased, filed a petition in the County Court of Gregg County, Texas, against M. Carl Jones, Henry Linam, individually and as trustee, Winston D. Linam, individually and as successor trustee, Allie Jones, a widow, Lillie Maud Evans and husband, Allen Croswell Evans, Bess Bridges and husband, Murphy Bridges, and Caroline Walters and husband, Fred Walters, wherein Mrs. Jones alleged (omitting caption, allegation of parties and residences, and signatures) as follows:

"For cause of action plaintiffs aver that Abb Jones, who was Winston Albert Jones or W. A. Jones, resided in Shreveport, Louisiana. That Abb Jones was the husband of the plaintiff, Charlene Jones, and the father of the other plaintiffs herein.

"The plaintiffs would show that in this cause the defendant M. Carl Jones and his attorney, Winston Linam, have conspired with certain of the other defendants herein to suppress a will made by Winston Albert Jones in December of 1951. That said defendants sent or caused Charlene Jones, as the surviving wife, to go to a very reputable attorney in Shreveport, Louisiana, to get him to look after the Succession of her deceased husband, Winston Albert Jones. That she reported to said attorney that her husband had left a will in the hands of his brother and his attorney, Winston Linam, in December of 1951, one of them seeking to get the estate for himself and the other to be a Successor Trustee to his father Henry Linam as above set out, tendered to the attorney for the plaintiff, Whitfield Jack, a will dated September 12, 1951, instead of the last will prepared by Abb Jones which was dated in December of 1951, and informed the said Whitfield Jack that this was the will which had been left with Winston Linam when at the time M. Carl Jones and Winston Linam knew that M. Carl Jones and Winston Linam, as attorney for M. Carl Jones and for his personal benefit, were suppressing a will made in December of 1951, at the time Winston Albert Jones was preparing to go to New Orleans for the operation for cancer from which he afterward died. Winston Linam, as attorney for M. Carl Jones and as an individual, admitted and now admits that Winston Albert Jones prepared a will on the morning that he left to go to New Orleans for examination, or for an operation, but claims

that the date was September 12, 1951, instead of December 1951. In other words, he is suppressing the last will and brought forth the first will.

"These plaintiffs aver that the will has never been formally probated and that the probate was secured by the fraud of M. Carl Jones and his attorney, Winston Linam, and that the will purporting to have been probated was not the last will of Winston Albert Jones because his last will was made in December of 1951, more than two (2) months after the will dated September 12, 1951. If there was but the one will the date is wrong in the will filed in Gregg County.

"That, while the will has never been legally probated, it has been placed of record in the Deed Records of Gregg County, Texas, and the defendants are claiming rights thereunder as a muniment of title, or otherwise. Whatever their claims are, they constitute a cloud upon plaintiffs' title and, in recording said instrument, they are seeking to claim some interest in the property of Winston Albert Jones in the State of Texas, and these plaintiffs desire to contest said will because the said Winston Albert Jones made a will in December of 1951, which in all things revoked the will of September 12, 1951.

"Wherefore, premises considered, plaintiffs, as contestants, pray that each of the defendants be cited to appear and answer herein and that on a hearing hereof contestants have judgment that the will of September 12, 1951, was not the last will of Winston Albert Jones, and that its purported probate in Caddo Parish, Louisiana, and the recording thereof in Gregg County, Texas, is in all things null and void and that plaintiffs have judgment for their costs."

Defendant appellants answered by pleas of res adjudicata, abatement and general denial, etc. Omitting the caption, formal part, notice of appeal and signature, the judgment of the County Court was as follows:

"* * * and came the parties by person and by counsel and announced ready for trial; and the Court sitting in probate, having read and considered the pleadings and having heard and considered the evidence and argument of counsel is of the opinion and finds that plaintiffs and contestants should take nothing by their contest filed herein.

"It is, therefore, by the Court considered, ordered and adjudged that plaintiffs and contestants take nothing by their action filed herein and that the defendants go hence without day and have judgment for their costs for which let execution issue. * * *"

■ The case was appealed to the District Court of Gregg County and there Mrs. Jones filed amended pleadings, enlarged upon her issues and alleged new grounds of action. The amended pleadings were duly and timely excepted to and the trial court overruled the exceptions, and we think it appropriate to dispose of the points of error here at this time because the case must stand or fall upon issues raised by the pleadings in the County Court. Points of error were properly preserved and are assigned to the action of the trial court in permitting the amended pleading. The District Court had jurisdiction to try, de novo, only the issues as raised by the pleading in the County Court. Carr v. Froelich, Tex.Civ.App., 220 S.W. 137, wr. ref.; A & M College of Texas v. Guinn, Tex.Civ.App., 280 S.W. 2d 373, wr. ref., N.R.E.; Mills v. Baird, Tex.Civ.App., 147 S.W.2d 312, wr. ref.; Leatherwood v. Stephens, Tex.Com.App., 24 S.W.2d 819, affirming Tex.Civ.App., 13 S.W.2d 726. The points are sustained.

Upon trial of the case, to a jury, in the District Court only a single issue was submitted which reads as follows:

"Do you find from a preponderance of the evidence that Winston Albert Jones executed an instrument on December 12, 1951, other than the instrument before you dated September 12, 1951, with the present intention that it be his last will and revoke all former wills?"

To this issue the jury answered: "Yes."

There had been no effort made to probate the will in Gregg County, but it was merely filed for record in the office of the County Clerk as a muniment of title and recorded in the deed records. The District Court entered judgment on the jury verdict (omitting caption, formal part, notice of appeal and signature) as follows:

"It is therefore ordered, adjudged, and decreed by the Court that the verdict of the jury be approved, and that the contestants have judgment upon the findings of the jury and the facts found by the Court that the Will of Winston Albert Jones as dated the 12th day of September, 1951, be, and the same, *is refused probate.*

"It is further ordered, adjudged and decreed by the Court that the purported Will of Winston Albert Jones as dated the 12th of September, 1951, and as filed in the Deed Records of Gregg County, Texas, * * * *is refused probate* and the order of the County Court of Gregg County, Texas, as dated the 7th day of September, 1954, in Cause 4574 is set aside *and the judgment of that court admitting said purported will of Winston Albert Jones to probate is in all things set aside and cancelled.*" (Emphasis added.)

 There being no effort made to probate the will of Abb Jones in Gregg County, we are unable to reconcile the judgment of the District Court with the pleadings of the appellees. It will be noted that appellees' prayer to their petition was that they, as contestants " * * * have

judgment that the will of September 12, 1951, was not the last will of Winston Albert Jones, and that its purported probate in Caddo Parish, Louisiana, and the recording thereof in Gregg County, Texas, is in all things null and void and that plaintiffs have judgment for their costs." Appellants challenge the judgment of the District Court, as entered, as constituting fundamental error, because (1) no effort was being made to probate any will; and (2) there was no pleading asking that the will either be admitted to probate, or denied probate. The law is so well settled in this State that no relief can be granted by any court without some form of pleading seeking the relief granted to necessitate the citation of authority. Holland v. Jackson, 121 Tex. 1, 37 S.W.2d 726.

The will dated September 12, 1951, was the same will that was probated in the First District Court of Caddo Parish, Louisiana, on May 6, 1952, as "the last will and testament" of Abb Jones and said will reads as follows:

"Last Will

"being aware of the uncertainties of life and the possibility of *deth* I hereby make my last will and testament.

"I hereby revoke all Previous Will*l*s.

"I bequeath to Henry E. Linam, Trustee with out Bond for my two adopted children Rebecca and Jimmy in Equal Parts one half of my Entrest in the oil lease executed by Lawson Lacy and R. Lacy to Winston Albert Jones on July 9, 1931, recorded in Vol. Ninety five (95) page 353, of the deed Records of Gregg County, Texas, as amended covering 21½ acres in the Mary Van Winkle H. R. Survey, the trusts for Each Beneficiary shall continue until that Beneficiary shall have reached the age of 21 years, When it shall terminate whereupon her shares shall be delivered to said beneficiary. The trustee shall not be limited in the investment of funds of the trust Estate. During the term of the

trust all Revenues and income shall be accumulated by the trustee after paying the Expenses and either Retained (or invested by trustee in his discretion With the Exception that trustee shall pay to each Beneficiary $100 Each calendar month. For the *Suport* of said Beneficiary with the further Exception that trustee may pay any additional amount deemed necessary by the trustee for the support or Education or from any other cause, the Successor Trustee shall be Winston B. Linam. Without Bond. I give the other half of my interest in the above described Lacy lease to the following persons:

"1) to my Wife Charlene, a ³⁄₂₀ of my *Enterest*,

"2) My mother Allie Jones, a ¹⁄₁₀ of my interest.

"3) to my Sister Lillie Maud Evans a ¹⁄₁₀ of my Interest.

"4) to my Sister Bess Bridges, a ²⁄₁₀ of my interest

"5) to my Step-daughter Caroline, a ³⁄₂₀ of my interest.

"the balance of my Estate, I leave to my two adopted children, Rebecca and Jimmy.

"/s/ Winston Albert Jones."

It was the contention of Mrs. Jones prior to the time that she caused the foregoing will to be probated in the State of Louisiana that her husband had executed a subsequent will. The matter was discussed between her and her attorney, the Hon. Whitfield Jack (personally known by the writer to be one of the ablest members of the legal profession and of the highest moral character), who advised her of her rights under the Louisiana law and who investigated her contention of a subsequent will. And said attorney, after making an investigation of such contention, advised that she probate the will that was actually probated. She knew or could have learned everything contended in this lawsuit prior to taking the action she took in Louisiana relative to any subsequent will.

In the trial of the case in the District Court, appellees offered testimony over the objection of appellants for the purpose of showing that the order admitting the will to probate in the State of Louisiana was not a final judgment. The objection was based upon the ground that there was no pleading to such effect and that the courts of Texas had not been, by appropriate pleadings, even asked to take judicial notice of the laws of the State of Louisiana. Appellees take the position that their allegation to the effect that the will had not been "legally probated" put the laws of the State of Louisiana in issue and that they were entitled to prove the laws of such State. As can readily be seen from the pleadings quoted above, such issues were not raised. Appellees contend that the probate in Louisiana was in "common form" and subject to contest by any interested party at any time. Probate in common form is the probate of a will without notice by the voluntary appearance and intervention of the interested parties. McClure v. Wade, 34 Tenn.App. 154, 235 S. W.2d 835, 28 A.L.R.2d 104. While other authority defines "probate in common form" as " * * * consisting, in substance, of presenting the will for probate in the absence of the parties interested, and without citing them, proceeding ex parte with proof thereof, either by the executor on his own oath, or by producing witnesses to prove the will. It is an ex parte proceeding in rem, and no one interested is before the clerk or court except the proponent and witnesses." 95 C.J.S. Wills § 318a, p. 141. Probate in "solemn form" requires notice to all interested parties and that the propounder produce all witnesses who are in life and within the jurisdiction of the court. Bloodworth v. McCook, 193 Ga. 53, 17 S.E.2d 73.

It is apparent from the record that the probate in Louisiana was in common form. There is no pleading that such pro-

bate is not a final judgment. Testimony was offered by an attorney from Louisiana to the effect that even the proponent, or any interested party, could at any time in the future contest a will in the State of Louisiana that was probated in common form. No such law was pleaded. There being no pleading that such was the law of Louisiana, the trial court should have sustained the exceptions to the proof. Ogg v. Ogg, Tex.Civ.App., 165 S.W. 912, no writ history; Rumpf v. Rumpf, Tex.Civ. App., 237 S.W.2d 669, reversed on other grounds, 150 Tex. 475, 242 S.W.2d 416; Van Natta v. Van Natta, Tex.Civ.App., 200 S.W. 907–908, error ref.

 Appellants next bring forward a group of points raising the question of estoppel. Mrs. Jones having not only accepted benefits under the will but was the actual proponent in securing its probate in the State of Louisiana, and still acting as executrix under this will at the time of the trial of this case, we think she is very definitely estopped to contest the will under Texas law. Pryor v. Pendleton, 92 Tex. 384, 47 S.W. 706, 49 S.W. 212; Utermehle v. Norment, 197 U.S. 40, 25 S.Ct. 291, 49 L.Ed. 655, 3 Ann.Cas. 520; Leach v. Leach, Tex.Civ.App., 208 S.W.2d 618, wr. ref., N.R.E.; Meyers v. Kooke, 146 Md. 471, 126 A. 710. Any person who secures the entry of a judgment fully cognizant of all antecedent facts, is estopped to assert any right contrary to such judgment even though the determination made by the prior judgment may not be right. Withers v. Republic National Bank of Dallas, Tex.Civ.App., 248 S.W.2d 271, wr. ref., N.R.E. A person is estopped from taking an adverse position in a subsequent suit involving the same matters to a position previously taken in the same matters by pleadings or otherwise. 31 C.J.S. Estoppel § 121, p. 386; Breland v. Guaranty Bldg. & Loan Co., Tex.Civ.App., 119 S.W.2d 690, error ref. Appellees having successfully maintained their first position in the State of Louisiana, with full cognizance of the contention made in this case, they cannot now be permitted to take a position inconsistent therewith. 31 C.J.S. Estoppel § 117, p. 372, and see sub-heads "Successful Maintenance of First Position" p. 375; and "Judicial Estoppel" p. 378. On the question of estoppel by having received benefits under the judgment, see 31 C.J.S. Estoppel § 110f, p. 357. These points are well taken and are sustained.

Finally, we come to the real question of whether or not the Texas courts have jurisdiction to determine the issues as raised by the pleading on the question of whether or not the will admitted to probate in Louisiana and filed for record in Gregg County, Texas, is the last will and testament of the testator, Abb Jones; and, whether or not the Texas courts have jurisdiction of a contest of the will pursuant to the provision of Article 8301 under the issues as raised by the pleadings and the theory upon which appellees tried their case. Article 8301, in effect at the time the will was probated and at the time this suit was filed, is applicable even though it has been subsequently amended and a definite change made in the provisions of Texas law for contesting foreign wills. Article 8301 reads as follows:

"When any will or testament, or testamentary instrument of any character, conveying or in any manner disposing of land in this State, has been duly probated according to the laws of any of the United States or territories, a copy thereof and its probate, attested by the clerk of the court in which such will and testament or testamentary instrument was admitted to probate, and the seal of the court annexed, if there be a seal, together with a certificate from the judge or presiding magistrate of such court that the said attestation is in due form, may be filed and recorded in the register of deeds in any county in which said real estate is situated, in the same manner as deeds and conveyances are required to be recorded, and without further proof or authentication; provided, that, at any time within four years

from the date of the record of such will in this State, the validity of such will may be contested in a proceeding instituted for that purpose as the original might have been."

This Article is now Sec. 96 of our Texas Probate Code, V.A.T.S. and provides for a contest " * * * in the manner and to the extent hereinafter provided." Section 100 of the Texas Probate Code provides for contests for foreign wills and reads as follows:

"A foreign will or testamentary instrument offered for filing and recording may be contested only upon the ground that the conditions of this Code are not met, or that the will has been finally rejected from probate in this State in another proceeding; but the filing and recording of a will or testamentary instrument as herein authorized shall be set aside upon proof that probate or establishment of the will or testamentary instrument has been set aside in the jurisdiction where the testator died domiciled, if, within two years after such filing and recording in this State, application is made in this State to set aside such probate upon such ground, or verified notice that proceedings have been taken to contest the will in the jurisdiction where the testator died domiciled is filed and recorded in the proper county in this State."

■ Appellees contend that the will probated in Louisiana and filed for record in Gregg County, Texas, is not the last will of said testator, Abb Jones. We hold that such is a question that only the courts in the state of the domicile of the testator has any authority or jurisdiction to determine, and the only authority or jurisdiction that the courts of Texas have in the contest of such a will would be to determine the issue of domicile, should it be contended that the deceased was domiciled in the State of Texas at the time of his death and not in the State of Louisiana. Holland v. Jackson, 121 Tex. 1, 37 S.W.2d 726.

■ There is no allegation that the judgment or order admitting the will to probate in the State of Louisiana is not a final judgment, and until such fact is alleged and proved in a court of competent jurisdiction, the courts of this State must give full faith and credit to the Louisiana judgment as required by Article 4, Sec. 1, of our Federal Constitution.

■ Appellees alleged and take the position that the will in question was not "legally" probated in the State of Louisiana. Again they are without allegation of the laws of Louisiana to establish that fact. Further, if the will has not been legally probated in the State of Louisiana, appellees are still not entitled to contest the same in the State of Texas, because Article 8301 provides for the recording and contest of such will in the State of Texas only *after* such will has been "duly probated" according to the laws of Louisiana (in this case). The word "duly" is not synonymous with the word "legally" but it does mean "regularly" and "in due time or proper manner; in accordance with what is right, required, or suitable; fittingly, becomingly, regular", etc. Welborn v. Whitney, 190 Okl. 630, 126 P.2d 263. See other definitions of "duly" in 13 Words and Phrases, including Pocket Part. "Probate" is the actual proving that an instrument purporting to be a will was signed by the testator in the form and manner required by law and the doing of all things of which probate courts have jurisdiction. In re Hergenrother's Guardianship, 141 Neb. 858, 5 N.W.2d 118. We think the term "duly probated", as used in Article 8301, also means "legally" and "finally" admitted to probate. Therefore, any action brought in this State to contest a will of a testator domiciled in a foreign state prior to the time such will has been "duly", "legally and finally" probated in the State of the domicile of the testator is premature.

If a will of a testator domiciled in a foreign state is filed for record in this State before it has been "duly probated" in such foreign state, the interested parties would have a cause of action in equity to expunge the will from the records of this State and enjoin the adverse parties from exercising any privileges or receiving any property under the will until such time as it has been legally probated in the state of jurisdiction. We hold that under the pleadings the Texas courts are without jurisdiction to try the issues raised.

The appellants' points of error are all sustained, the judgment of the trial court is reversed and judgment is here rendered that appellees take nothing.